Argued July 25, affirmed as modified and remanded
for resentencing September 22, 1975

STATE OF OREGON, *Respondent, v.* ROBERT
GENE WIER (No. 74-4196), *Appellant.*
540 P2d 394

*David W. James, Jr.,* Eugene, argued the cause for appellant. With him on the brief were Bennett, Kaufman & James, Eugene.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

Defendant was charged with second degree assault, ORS 163.175, by an indictment that alleged he "did knowingly and intentionally cause physical injury to Patrick Lee Thorp by striking Patrick Lee Thorp with his *hands, a dangerous weapon.*" (Emphasis supplied.) Upon trial to the court, defendant was convicted as charged. On appeal he contends the maximum charge the *evidence* supports is third degree assault because the "state failed to produce evidence to show that the" defendant's hands were "dangerous weapon[s] under the circumstances of this particular case." We hold the maximum charge the *law* supports is third degree assault because the legislature did not intend that the bare, human hand or fist could be a dangerous weapon.

Reading ORS 161.015(1)① and 161.015(7)② togeth-

---

① "'Dangerous weapon' means any instrument, article or substance which under the circumstances in which it is used,

er, a dangerous weapon is something readily capable of causing death or disfigurement, impairment of health or impairment of the function of a bodily organ. Under these statutes, the test is not what injury did result, but what injury could have resulted under the circumstances. All three degrees of assault require that the victim suffer at least a "physical injury."[3] Thus, if the other elements of assault were established, as a factual matter it would seem that the human hand could always be a dangerous weapon—even the proverbial 98-pound weakling could, with one well-placed punch, disfigure a heavyweight boxing champion.

Whether, as a legal matter, classification of the bare hand as a dangerous weapon is consistent with legislative intent requires examination of the statutory scheme of the current criminal code.

■ The act of striking another can be one of four different crimes depending upon the circumstances. The crime of harassment, ORS 166.065, a Class B misdemeanor, covers "trivial slaps, shoves, kicks, etc." *State v. Sallinger,* 11 Or App 592, 599, 504 P2d 1383 (1972), quoting from Commentary, Proposed Oregon Criminal Code 93. Third degree assault, ORS 163.165, a Class A misdemeanor, covers causing "physical injury to another." The draftsmen state that third degree as-

---

attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1).

[2]

" 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(7).

[3]

" 'Physical injury' means impairment of physical condition or substantial pain." ORS 161.015(6).

sault is "the basic offense," which can be aggravated to a greater offense by the "seriousness of the injury actually inflicted" or the "dangerousness of the means employed * * * to inflict injury." Commentary, Proposed Oregon Criminal Code 93. Thus, second degree assault, ORS 163.175, a Class C felony, covers causing serious physical injury or causing any physical injury "by means of a deadly or dangerous weapon." (The most serious offense, first degree assault, ORS 163.185, a Class B felony, is not germane for present purposes.)

The obvious scheme here is a series of crimes, ranging from a Class B misdemeanor to a Class B felony, with the seriousness of the crime and severity of possible punishment based upon the extent of the victim's injury *or* the potential dangerousness of the means employed to cause injury.

■ This scheme would be destroyed by holding that the legislature intended that the human hand could be a dangerous weapon. Given that the hand can always, at least as a theoretical possibility, cause serious physical injury, what conduct would still be covered by third degree assault? None that we can imagine. The only way to give effect to all parts of the statutory scheme is to hold that the legislature did not intend that a hand could be a dangerous weapon.[4]

A contrary holding would have consequences throughout the criminal code. All burglaries might be first degree because of the use of a dangerous weapon, eliminating the crime of second degree burglary. *See,*

---

[4] While decisions based on different statutory schemes are of limited guidance, we note that under older Oregon law, assaults with bare hands were usually prosecuted under former ORS 163.255 which covered assaults while *"not * * * armed with a dangerous weapon."* (Emphasis supplied.) *See,* State v. Popiel, 216 Or 140, 337 P2d 303 (1959); State v. Manni, 1 Or App 589, 465 P2d 493 (1970); *cf.,* State v. Bonner, 241 Or 404, 406 P2d 160 (1965).

ORS 164.215-164.225.[5] All robberies might be first degree because of the use of a dangerous weapon, eliminating the crimes of second and third degree robbery. *See,* ORS 164.395-164.415.[6] All escapes might be first degree because of the use of a dangerous weapon, eliminating the crimes of second and third degree escape. *See,* ORS 162.145-162.165.[7] The most serious degrees of these crimes, involving use of a dangerous weapon, must have been intended to cover something more than the ubiquitous use of hands.

In this case defendant "concedes" that hands can be dangerous weapons under Oregon law, suggesting this concession is compelled by *State v. Dazhan, Sears,* 15 Or App 300, 516 P2d 92 (1973), and *State v. Mayo,* 13 Or App 582, 511 P2d 456, Sup Ct *review denied* (1973). We do not so read these cases. But since others do, we think it is time to resolve the statutory construction question, rather than letting concessions, whether correct or incorrect, add another opinion to the books with a potentially misleading implication.

■ There is no suggestion that defendant's acts caused "serious physical injury," ORS 161.015(7). Defendant's felony conviction rests solely on the assumption that a hand can be a dangerous weapon. This assumption misconstrues and emasculates the statutory scheme. We therefore hold that there is egregious error apparent on the face of the record within the meaning of Rule 6.18 of the Rules of this court, notwithstanding defendant's "concession."

---

[5] First degree burglary includes using or threatening to use a dangerous weapon "in effecting entry or while in a building or in immediate flight therefrom." ORS 164.225(1)(c).

[6] What would otherwise be a lesser degree of robbery is elevated to first degree robbery if the defendant "uses or attempts to use a dangerous weapon." ORS 164.415(1)(b).

[7] Using or threatening to use a dangerous weapon while escaping constitutes first degree escape. ORS 162.165(1)(b).

■ It does not follow that retrial is warranted. As in *Dazhan, Sears* and *Mayo,* here we exercise our authority under Oregon Constitution, Amended Art VII, § 3, and remand for entry of a judgment of guilty of third degree assault instead of second degree assault and for resentencing.

Affirmed as modified and remanded for resentencing.