Argued June 20, reversed and remanded for resentencing September 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
ROBERT DEAN GALE, *Appellant.*
(No. 17-868, CA 10073)
583 P2d 1169

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant was convicted of assault in the second degree in violation of ORS 163.175 and makes three assignments of error: (1) the court erred in submitting the case to the jury because there was no evidence that the can opener used by defendant in committing the assault constitutes a dangerous weapon; (2) the court erred in refusing to submit defendant's summarized statement of the issues to the jury, as requested by defendant pursuant to ORS 17.230; and (3) the trial court erred in imposing a mandatory minimum sentence pursuant to ORS 144.110(1) upon a conviction for an offense which occurred prior to the effective date of the statute. Defendant is correct with regard to his third assignment of error and we thus reverse and remand for resentencing.

The complaining witness, Ms. Ferguson, testified that she was awakened in the middle of the night by defendant who cut her on her shoulder and collarbone with a can opener, struck her in the stomach and threatened to kill her. She suffered six to twelve cuts or scratches and a large cut on the collarbone.

Defendant was charged with violation of ORS 163.175(1)(d) (1975)[1] which states:

> "A person commits the crime of assault in the second degree if he: * * * intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; * * *."

■ In his first assignment of error, defendant specifically questions whether a can opener is a dangerous weapon under the facts and circumstances of the case. ORS 161.015(1) defines the term "dangerous weapon" as follows:

> "* * * any instrument, article or substance which under the circumstances in which it is used, attempted to

---

[1] ORS 163.175 has since been amended by Oregon Laws 1977, ch 297, § 2. Subsection (d) under which defendant was charged is now subsection (b); the substantive provisions in both subsections are identical.

be used or threatened to be used, is readily capable of causing death or serious physical injury."[2]

Defendant argues that the victim only suffered scratches, therefore a can opener in this instance is not a dangerous weapon.

■ That an instrument constitutes a dangerous weapon is not established by what injury did result, but what injury could have resulted under the circumstances. *State v. Weir,* 22 Or App 549, 551, 540 P2d 394 (1975). The trial judge correctly held that whether the can opener was a dangerous weapon in this case was an appropriate question for the jury. There was no error.

■ Defendant next assigns as error the trial court's refusal to submit to the jury defendant's statement of "jury issues" pursuant to ORS 17.320.[3] Failure to submit some statement[4] was error. See *State v. Greene,* 36 Or App 281, — P2d — (1978). However, the jury was adequately apprised of the issues in the case by the court's instructions, to which defendant took no exception. We find no prejudice to defendant from the error, and therefore decline to reverse on this ground. *Ibid.*

■ Defendant also assigns as error the trial court's imposition of a mandatory minimum sentence pursuant to ORS 144.110(1). Defendant is correct: ORS

---

[2]"Serious physical injury" is defined in ORS 161.015(7) as:

"* * * physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

[3]ORS 17.320 as amended by Oregon Laws 1977, ch 357, § 1, provides in part:

"* * * The court may in its discretion, and shall at the request of any party, submit to the jury an impartial, written statement summarizing the issues to be decided by the jury."

[4]Defendant's specific assignment of error is that *his* statement was not submitted. A portion of his statement was, at least arguably, not "impartial." In view of the disposition we make of this case, however, we are not called upon to define the parameters of "impartiality" under ORS 17.320.

114.110(1) is not applicable to crimes committed before its effective date. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

Reversed and remanded for resentencing.