Argued and submitted February 28, affirmed April 5, reconsideration denied May 26, petition for review denied June 13, 1989 (308 Or 142)

STATE OF OREGON,
*Respondent,*

*v.*

TODD ALLEN BELL,
*Appellant.*

(C 87-12-37093; CA A48759)

771 P2d 305

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

.

**ROSSMAN, J.**

Defendant appeals his conviction for robbery in the first degree.[1] ORS 164.415(1)(a). He assigns as error the trial court's denial of his motion for acquittal on the ground that cowboy boots are not dangerous weapons capable of causing death or serious physical injury within the meaning of ORS 161.015.[2] We affirm.

We review the evidence in the light most favorable to the state. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). The evidence reveals that defendant attempted to grab the victim's purse from her left shoulder as she was walking from a parking lot to work. When she resisted, defendant hit her in the face and knocked her to the ground. The victim continued to clutch her purse and to scream for help. While the victim was curled up on the ground, defendant kicked her in the left side of the chest. He was wearing cowboy boots with three inch heels and three-fourths inch thick soles. An eyewitness testified that defendant was kicking "pretty forcefully." When the shoulder strap on the purse broke, defendant gained control of the purse and ran. The victim suffered a bloody nose, sore knees and bruises "the size of apples" on the left side of her rib cage.

Relying on *State v. Wier,* 22 Or App 549, 540 P2d 394 (1975),[3] defendant assumes that, like bare hands, bare feet

---

[1] A person commits the crime of robbery in the first degree if the elements for third degree robbery are satisfied and the person "uses or attempts to use a dangerous weapon." ORS 164.415(1)(a). Robbery in the third degree is defined in ORS 164.395:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after taking * * *."

[2] ORS 161.015(1) defines a dangerous weapon as

"any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

ORS 161.015(7) defines "serious physical injury" as

"physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

[3] In *Wier,* the court held that, as a matter of law, a bare human hand cannot be a dangerous weapon. The court concluded that, because the hand can always, at least

cannot be considered dangerous weapons. He argues that, because there is no evidence that cowboy boots are more dangerous than bare feet, neither can they be dangerous weapons. According to defendant, if they were, all assaults committed while wearing footwear would constitute at least second degree assault and, thus, as it was put in *Wier*, the statutory scheme would be dismantled.

This is not a case in which defendant used his bare feet to cause injury to the victim. Just as an attack with brass knuckles would constitute more than a mere assault, an attack with cowboy boots can constitute use of a dangerous weapon. Second, defendant's contention that treating footwear as a dangerous weapon would make a more serious crime out of every attack with the feet, thus destroying the statutory scheme, is without merit. The statutory definition limits dangerous weapons to articles which, under the circumstances, are "readily capable of causing death or serious injury." Clearly, cowboy boots with pointed toes and three inch heels are capable of causing injuries that bare feet or, say, tennis shoes are not.

Finally, defendant's argument ignores the relevant inquiry in this case—whether, as a matter of fact, the circumstances of defendant's use of the boots rendered them a dangerous weapon. *State v. Hill,* 298 Or 270, 692 P2d 100 (1984).

> "An object designed for another purpose may become a weapon if used in a manner rendering it capable of causing death or serious physical harm. The circumstances of its use, rather than design features, convert an object into a dangerous weapon." 298 Or at 273.

That an instrument constitutes a dangerous weapon is not established by what injury did result, but what injury could have resulted under the circumstances. *State v. Wier, supra,* 22 Or App at 551; *State v. Gale,* 36 Or App 275, 583 P2d 1169 (1978).

---

theoretically, cause serious physical injury, the legislature did not intend to include it within the definition of a dangerous weapon. It reasoned that to hold otherwise would destroy the statutory assault scheme that bases the seriousness of the crime on the potential dangerousness of the means employed to cause injury by elevating all assaults to the second degree and potentially all burglaries, robberies and escapes to first degree. The court stated that "[t]he most serious degrees of these crimes, involving the use of a dangerous weapon, must have been intended to cover something more than the ubiquitous use of hands." 22 Or App at 553.

Although cowboy boots are not dangerous weapons *per se,* defendant converted them into dangerous weapons within the meaning of ORS 161.015(1) when he used them to kick a resisting robbery victim in the upper body while she was lying on the ground.

Affirmed.