Argued and submitted February 28, affirmed April 18, reconsideration denied June 13, petition for review denied July 10, 1990 (310 Or 195)

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE LYN REED,
*Appellant.*

(C881415CR; CA A51299)

790 P2d 551

Steven V. Humber, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

The issue is whether a concrete sidewalk can be a "dangerous weapon" within the meaning of ORS 161.015(1). We conclude that it can be and is in the circumstances of this case. We affirm defendant's conviction for assault in the second degree. ORS 163.175.

Defendant struck his girlfriend with his fists, knocking her to the sidewalk. Then he repeatedly struck her head against the concrete. The indictment alleged that defendant "did unlawfully and knowingly cause physical injury to [the victim] by means of a dangerous weapon, to wit: concrete, by banging her head repeatedly against the concrete." In a trial to the court, defendant was found guilty and sentenced to six years' imprisonment.[1]

On appeal, defendant assigns as error the trial court's denial of his motion for judgment of acquittal on the ground that a concrete sidewalk is not a "dangerous weapon." He concedes that, if he had forcibly brought a piece of hand-held concrete into contact with the victim's head, he could be found to have used a dangerous weapon. However, he contends that the converse act of forcibly bringing her head into contact with the concrete is not the use of a dangerous weapon. We disagree.

ORS 161.015(1) defines a dangerous weapon as

"any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

The statute provides that "any instrument, article or substance," no matter how harmless it may appear when used for its customary purposes, becomes a dangerous weapon when used in a manner that renders it capable of causing serious physical injury.[2] *See State v. Bell,* 96 Or App 74, 771 P2d 305,

---

[1] Defendant challenges the sentence as excessive. The sentence imposed was lawful and within the maximum allowed by statute. The trial court did not err.

[2] As the New York Court of Appeals stated, in construing the definition of "dangerous instrument" in the New York Penal Code:

"Any 'instrument, article or substance,' no matter how innocuous it may appear to be when used for its legitimate purpose *becomes* a dangerous instrument when it is *used* in a manner which renders it readily capable of causing serious physical injury. * * * The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute." *People v. Carter,* 53 NY2d 113, 440 NYS2d 607, 423 NE2d 30, 31-32 (1981). (Emphasis in original; citation omitted.)

*rev den* 308 Or 142 (1989). As the state points out, "[w]hether the pitcher hits the stone or the stone hits the pitcher, it will be bad for the pitcher." Cervantes, *Don Quixote,* Part II, ch 43 (1615). Denial of the motion for judgment of acquittal was not error.[3]

Affirmed.

---

[3] Defendant also makes an argument, not raised in the trial court, that the statute is unconstitutional because of "vagueness." The issue is not properly before us, and we do not address it.