Argued and submitted March 29, affirmed August 21, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES TERRELL ALLEN,
*Appellant.*

## (89 11 36242; CA A65950)

816 P2d 639

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for robbery in the first degree. ORS 164.415.[1] He assigns error to the trial court's denial of his motion for judgment of acquittal. We affirm.

Thompson, the victim, arranged to meet defendant to show him a cellular phone that Thompson wanted to sell. They met on defendant's front porch. Defendant's companion, identified only as Wayne, and defendant's father were also there. When the first phone proved unsatisfactory, Thompson returned to his car to get another. In the meantime, defendant's father walked behind the house. When Thompson returned to the porch, he handed defendant the second phone and then bent over to pick up something. As he stood up, Wayne struck him in the head with a "small, hard object," knocking him halfway down the porch steps. Wayne struck him again, Thompson fell onto the sidewalk and Wayne kicked him several times in the face and the head. During the assault, defendant took the phones and went to his car. Defendant and Wayne drove away together. Defendant's father emerged from behind the house, saw that Thompson was bleeding and took him to the emergency room, where he received medical treatment for a three-inch laceration on his forehead and a two-inch laceration over his eye. He testified that he was dizzy, had problems with his equilibrium and was "hurt really bad."

---

[1] ORS 164.415 provides, in part:

"(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 and the person:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon, or

"(c) Causes or attempts to cause serious physical injury to any person."

ORS 164.395 provides, in part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft."

■ ■   Defendant argues that there was insufficient evidence to support his conviction.[2] The only issue that he raises is that the evidence was not sufficient to allow a factfinder to find that the "small, hard object" was a dangerous weapon.[3] In determining sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. We resolve all conflicts and draw all reasonable inferences in favor of the state. *State v. King,* 307 Or 332, 339, 768 P2d 391 (1989).

ORS 161.015(1) provides:

" 'Dangerous weapon' means *any* instrument, article, or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." (Emphasis supplied.)

ORS 161.015(7) defines "serious physical injury" as

"physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

Defendant argues that Thompson could not identify the object and that there was no evidence that it was a weapon or that it caused injuries.[4] However, regardless of its design, the

---

[2] Defendant was also convicted of one count of robbery in the second degree. He does not challenge that conviction.

[3] The indictment charged that defendant "unlawfully and knowingly used physical force upon Jesse Thompson, and did use a dangerous weapon[.]" Defendant does not challenge the sufficiency of the indictment.

[4] Defendant argues that Thompson's "injuries were of a type or character which could have been caused entirely by the assailant's fists and feet." He asserts that there was no evidence presented that a dangerous weapon was used. Thompson testified:

"Q:  Now you were hit on the head a couple of times. Do you know what it was that you were hit with?

"A:  I never saw the object that Wayne hit me with. It was on my left side and I was coming up like this and, you know, it was small and hard, that's all I could say about it. I never had a chance to focus on the object, it happened too fast.

"Q:  Do you know whether or not there was something in his hand or was he hitting you with his fist?

"A:  There was definitely something in his hand."

circumstances of an object's use may convert it into a dangerous weapon. *State v. Hill,* 298 Or 270, 273, 692 P2d 100 (1984). Under the statutory definition, cowboy boots, *State v. Bell,* 96 Or App 74, 771 P2d 305, *rev den* 308 Or 142 (1989), a concrete sidewalk, *State v. Reed,* 101 Or App 277, 790 P2d 551, *rev den* 310 Or 195 (1990), and an automobile, *State v. Hill, supra,* 298 Or at 278, have been held to be "dangerous weapons." The evidence that the "small, hard object" was used to hit the victim in the head and knock him down down the stairs was sufficient to take the issue to the factfinder.

■■ Defendant next contends that, because Thompson's injuries were not "serious" within the meaning of ORS 161.015(7), the trial court could not infer that the object that injured Thompson was dangerous without knowing what it was. Even if defendant were correct that Thompson's injuries were not serious, and he is not correct, it is the injury that *could have* resulted, not what *did* result, that establishes the dangerousness of a weapon. *State v. Wier,* 22 Or App 549, 551, 540 P2d 394 (1975). The trial court concluded that the factfinder could reasonably infer that the robbery victim could have suffered serious injuries as a result of being hit in the head with the "small, hard object." *State v. Bell, supra,* 96 Or App at 77. The trial court did not err in denying the motion.

Affirmed.