COMMONWEALTH *vs.* EVERETT SEXTON.

No. 95-P-929.

Hampden. October 22, 1996. - November 20, 1996.

Present: SMITH, PORADA, & FLANNERY, JJ.

Further appellate review granted, 424 Mass. 1105 (1997).

*Assault and Battery by Means of a Dangerous Weapon. Joint Enterprise. Statute,* Construction. *Destruction of Property. Words,* "Dangerous weapon."

At the trial of an indictment for assault and battery by means of a dangerous weapon under G. L. c. 265, § 15A, the evidence was sufficient to warrant the defendant's conviction of assault and battery on a joint venture theory. [678]

"Concrete pavement" did not constitute a dangerous weapon for purposes of a prosecution under G. L. c. 265, § 15A, where the pavement was simply part of the surroundings and was not an instrumentality which the batterer could possess or control in the intentional application of force. [679-680]

At the trial of an indictment for wilful and malicious injury to property, evidence that the defendant kicked out a window of a motor vehicle in an attempt to remove the victim so that he might be assaulted was sufficient to warrant the judge's denial of the defendant's motion for a required finding of not guilty. [680]

INDICTMENTS found and returned in the Superior Court Department on March 30, 1993.

The cases were tried before *John F. Moriarty,* J.

*Timothy M. Farris* for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from his convictions for assault and battery with a dangerous weapon and wilful and malicious destruction of property, the defendant claims that the denial of his motions for required findings of not guilty was error. The Commonwealth tried this case on a joint venture theory that the defendant and his brother were coventurers in their attack on the victim. During the attack, the defendant's

brother repeatedly banged the victim's head on the concrete pavement of a parking lot. The concrete pavement is the dangerous weapon that the Commonwealth alleges was used in this case. The defendant argues that the Commonwealth's proof was insufficient because the Commonwealth failed to show that: (1) he knew at the start of the fight that his brother possessed such a weapon or intended to use it in his fight with the victim; or (2) the "concrete pavement" in this case is a weapon under G. L. c. 265, § 15A. He also argues that the Commonwealth's evidence was insufficient to prove that he was guilty of the wilful and malicious destruction of a window in the vehicle through which they attempted to pull the victim. We conclude that in this case "concrete pavement" is not a dangerous weapon and reverse the defendant's conviction for assault and battery by means of a dangerous weapon. We affirm his conviction for wilful and malicious destruction of property.

We summarize the evidence in the light most favorable to the Commonwealth. Jeffrey Czyzewski and his girlfriend went to a bar in Holyoke. There Czyzewski played a game of pool with the wife of Donald Sexton, the defendant's brother. During the game, Czyzewski accused her of cheating and ended the game. Thereafter, Donald Sexton approached Czyzewski three times demanding an apology. On the second occasion, the defendant accompanied his brother and informed Czyzewski that he would stand by his brother if anything happened. On the third occasion, Donald Sexton smashed a beer bottle against the bar but was grabbed before he did anything with it. The defendant, his brother, and his brother's wife then left the bar. Czyzewski and his girlfriend followed a short time later. When they got into their car, a van pulled beside them. The defendant, his brother, and a third man got of the van and came over to their car. The two brothers kicked in the passenger side window where Czyzewski was sitting and attempted to pull him out of the car but were thwarted in their efforts when Czyzewski's girlfriend managed to start the car and drive away. As they drove off, the defendant and his brother said, "Let's go get him." The defendant, his brother, and their companion then got into the van and followed the Czyzewski vehicle. The Czyzewski vehicle was about to run out of gas so Czyzewki and his girlfriend returned to the bar's parking lot. The van followed. Czyze-

wski, Donald Sexton, the defendant, and their companion left the vehicles. The defendant and his brother immediately started to push and shove Czyzewski. The defendant lifted Czyzewski's jacket up over his head so that he was restrained. Together the defendant and his brother then threw him to the ground. There the defendant's brother banged Czyzewski's head against the pavement at least five times while the defendant repeatedly kicked him. The fight ended when the bar owner and another man broke it up. The defendant and his brother left before the police arrived.

We address the defendant's claims.

1. *Assault and battery by means of a dangerous weapon.* To establish guilt under a joint venture theory, the Commonwealth must prove that the defendant was: "(1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary." *Commonwealth* v. *Longo*, 402 Mass. 482, 486 (1988). The defendant argues that, due to the nature of the weapon used in this case, the concrete pavement,[1] he could not have known in advance that his brother was going to use the pavement as a weapon or share the intent that his brother do so.

The defendant's argument fails because there is no need to prove an anticipatory compact between the parties to establish joint venture. *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 513 (1987). It is enough to prove that at the "climactic moment" the parties acted together to carry out their goal. See *Commonwealth* v. *Young*, 35 Mass. App. Ct. 427, 435 (1993). Here, the defendant was aware that, at the very least, an assault and battery was about to occur in the parking lot, as was evidenced by their mutual statement, "Let's go get him." Further, the defendant himself was kicking and punching the victim as his brother pounded the victim's head against the concrete pavement. At no point did the defendant withdraw from the conflict, and eventually the brothers retreated together. From this evidence a jury could infer the requisite intent and knowledge.

---

[1]We observe that, for some reason not apparent on the record, the Commonwealth did not, but probably could have alleged "a shod foot" to be the dangerous weapon. However, the nature of the defendant's footwear was not identified at the trial.

The question whether the "concrete pavement" is a dangerous weapon under G. L. c. 265, § 15A, poses the more troublesome issue. The judge instructed the jury that "concrete pavement" could be considered a dangerous weapon if the jury found that it was used in such a manner as to cause death or serious injury. While it is true that ordinarily the determination whether an object that is not dangerous per se is a dangerous weapon under § 15A is a question of fact for the jury, *Commonwealth* v. *Appleby*, 380 Mass. 296, 305 (1980); *Commonwealth* v. *Marrero*, 19 Mass. App. Ct. 921, 922 (1984), there are certain objects or instrumentalities that do not qualify as dangerous weapons under § 15A as a matter of law. *Commonwealth* v. *Davis*, 10 Mass. App. Ct. 190, 193 (1980) (human teeth or other parts of the human body). *Commonwealth* v. *Shea*, 38 Mass. App. Ct. 7, 15 (1995) (ocean). We hold that the pavement in this case also does not meet the statutory definition of a dangerous weapon.

As we noted in *Shea*, under our case law dangerous weapons per se or as used under § 15A all share a common factor, namely the object in issue is an "instrumentality which the batterer controlled, either through possession of or authority over it, for use of it in the intentional application of force." *Id*. at 16. In other words, it is an object or instrumentality that the batterer is able to wield to inflict serious injury or death upon another. See cases collected in *Commonwealth* v. *Appleby*, 380 Mass. at 304-305; *Commonwealth* v. *Davis*, 10 Mass. App. Ct. at 192-193. Because the pavement in this case was simply part of the surroundings in which the defendant found himself while perpetrating an assault and was not something which he could control or with which he could arm himself, we hold that it does not meet the definition of a dangerous weapon under § 15A.

In reaching this conclusion we also considered the following. First, it is a well settled principle of statutory construction that criminal statutes are to be strictly construed. *Commonwealth* v. *Campbell*, 415 Mass. 697, 699 (1993). Second, we observe that, in the almost seventy-year history of this statute, there have been no reported cases that have held similar objects, such as the ground, the sidewalk, or the floor to be dangerous weapons in the commission of assault crimes. See *Commonwealth* v. *Davis*, 10 Mass. App. Ct. at 193-194 (statute's enforcement history considered in determining

whether human body parts constitute a dangerous weapon). Third, although the result was predetermined by the statutory or case law definition of a dangerous weapon in their jurisdiction, a number of courts in other States have held pavement or similar items not to be dangerous weapons. See *State v. Legendre,* 362 So. 2d 570 (La. 1978) (concrete pavement); *Edwards* v. *United States,* 583 A.2d 661 (D.C. 1990) (stationary bathroom fixtures); *State* v. *Houck,* 652 So. 2d 359, 360 (Fla. 1995) (pavement or asphalt). Contrast *People* v. *Galvin,* 65 N.Y.2d 761 (1985) (sidewalk); *State* v. *Reed,* 101 Or. App. 277 (1990) (sidewalk). Finally, the Commonwealth is not left without a remedy for attacks such as this. Such attacks can be prosecuted under other felonious assault statutes. See, e.g., G. L. c. 265, § 15 (assault with intent to murder, or to maim or disfigure); G. L. c. 265, § 29 (assault with intent to kill).

2. *Wilful and malicious injury to property.* The defendant argues that the Commonwealth's evidence was insufficient to establish that the defendant smashed the window in the car from which he attempted to remove Czyzewski or that he did so wilfully and maliciously. This argument fails because the Commonwealth presented evidence that both the defendant and his brother kicked in the window in their attempt to remove the victim from the car. The jury could infer that they did so with the intent to beat Czyzewski in retaliation for the remark he made to Donald Sexton's wife. This evidence was sufficient for the judge to deny the defendant's motion for a required finding of not guilty. Compare *Commonwealth* v. *Armand,* 411 Mass. 167, 170-171 (1991).

The judgment on the indictment charging assault and battery by means of a dangerous weapon is reversed, the portion of the verdict resting on the defendant's use of a dangerous weapon is set aside, and the case is remanded to the Superior Court for the defendant's resentence for assault and battery. *Commonwealth* v. *Davis,* 10 Mass. App. Ct. at 199. The judgment on the indictment charging wilful and malicious destruction of property is affirmed.

*So ordered.*