Submitted March 4, reversed and remanded April 13, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

v.

JASON PERRY HAGSTROM,
*Defendant-Appellant.*

Washington County Circuit Court
C072014CR; A140120

255 P3d 516

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals a judgment of conviction for one count of second-degree assault, ORS 163.175, and two counts of fourth-degree assault, ORS 163.160. On appeal, he contends, *inter alia,* that the trial court erred in allowing "defendant to proceed *pro se* without obtaining a valid waiver of counsel" and in denying his motion for judgment of acquittal (MJOA) on the count of second-degree assault. An extended recitation of the facts would not benefit the bench, the bar, or the public. For the reasons stated below, we reverse and remand.

"[B]ecause the relief for an erroneously denied MJOA—entry of a judgment of acquittal—is more complete than the remedy of remanding for a new trial[,]" *State v. Lavadores*, 230 Or App 163, 165 n 2, 214 P3d 86 (2009), we begin by addressing defendant's contention that the trial court erred in denying his MJOA on the count of second-degree assault. As pertinent to that count, a person commits second-degree assault if the person "knowingly causes physical injury to another by means of a * * * dangerous weapon[.]" ORS 163.175(1)(b). In turn, a "dangerous weapon" is defined as "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1).

At trial, the victim testified, in part:

"Somehow I got up and he pushed me back down and he grabbed the back of my head—well, my hair, because I usually wear like a ponytail, and then—so, he grabbed that and was holding me around my waist and then threw me back down on the ground.

"At first, you know, it was—it was like a rock or a log or—I didn't know what it was. It was just—and there was repetitious. Just over and over. I think there was a—later they found, you know, like a big bald spot where he had ripped out some of my hair because it's—the force of it.

"* * * * *

"Of pulling on my hair and pulling it back and forth as he was lifting my body up and down with it.

"[DISTRICT ATTORNEY:] Okay. And as your body would come down, what was your face making contact with?

"[VICTIM:] Later I found out it was the log."

Defendant moved for an MJOA, contending that the state had failed to adduce sufficient evidence from which a jury could find that he used a "dangerous weapon." Relying on the victim's testimony, the trial court denied the motion, reasoning that, when viewed in the light most favorable to the state, "there is sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that that element has been met."

On appeal, defendant contends that the trial court erred in denying the MJOA. Specifically, defendant argues:

"Defendant was charged with assault in the second degree for causing physical injury by means of a dangerous weapon. The alleged weapon was a log. However, defendant did not use the log in a manner that could cause serious physical injury because he did not deliberately strike the victim's face against the log; rather, the victim's face hit the log as defendant repeatedly pushed the victim's body into the ground."

We disagree with defendant's contention. The victim's testimony was sufficient evidence from which a factfinder could conclude that the log was a "dangerous weapon." *See State v. Reed,* 101 Or App 277, 790 P2d 551, *rev den,* 310 Or 195 (1990) (reasoning that a concrete sidewalk was a "dangerous weapon" when the defendant struck the victim's head against it). Accordingly, the trial court did not err in denying defendant's MJOA concerning the count of second-degree assault.

Defendant also contends that the trial court erred in allowing him to proceed *pro se* without obtaining a waiver of counsel. The state concedes that "the trial court committed reversible error by allowing defendant to proceed *pro se* without first obtaining a valid waiver of counsel."[1] We agree and

---

[1] *See State v. Miller,* 214 Or App 494, 504, 166 P3d 591 (2007), *adh'd to as modified on recons,* 217 Or App 576, 176 P3d 425, *rev den,* 345 Or 95 (2008), *adh'd to as*

accept the state's concession. Accordingly, defendant is entitled to a new trial on all three counts.[2]

Reversed and remanded.

---

*modified on recons*, 228 Or App 742, 209 P3d 380 (2009) ("Under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, a criminal defendant has the right to representation by counsel, and, when a trial court allows a criminal defendant to represent himself at trial, the court must ensure that the defendant voluntarily and intelligently waives his right to counsel. A waiver of the right to counsel is valid only if the defendant understands that (1) he or she has the right to counsel; and (2) there are risks inherent in self-representation. The state can establish a valid waiver by showing that the trial court engaged the defendant in a colloquy that verified the defendant's understanding of the risks of self-representation." (Citations and footnotes omitted.)).

[2] Our disposition obviates the need to address defendant's other assignments of error concerning various trial-related rulings and the failure of the trial court to merge certain convictions.