No. 99　　　　February 12, 2025　　　　797

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN ALEXANDER SANCHEZ,
aka Christian A. Sanchez,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR50251, 20CR53446; A179961 (Control), A179962

Lorenzo A. Mejia, Judge.

Argued and submitted December 30, 2024.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Christian Alexander Sanchez filed the supplemental brief *pro se.*

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

In Case Number 20CR50251, convictions on Counts 1, 2, 3, 5, 6, 7, 9, 10, and 11 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 20CR53446, remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

In this consolidated criminal case, defendant appeals a judgment of conviction in Case No. 20CR50251 for one count of first-degree rape, ORS 163.375 (Count 1); one count of first-degree sodomy, ORS 163.405 (Count 2); two counts of first-degree kidnapping, ORS 163.235 (Counts 3 and 4); three counts of second-degree assault, ORS 163.175 (Counts 5, 6, and 7); one count of coercion, ORS 163.275 (Count 8); three counts of unlawful use of a weapon, ORS 166.220 (Counts 9, 10, and 11); and one count of causing another person to ingest a controlled substance, ORS 475.908 (Count 12).

On appeal, defendant raises 18 assignments of error through counsel and nine *pro se* assignments of error. We reject defendant's *pro se* assignments without discussion. Some of the assignments that defendant raises through counsel are well taken, however, and as explained below, we reverse and remand defendant's convictions on Counts 1 through 3, Count 5 through 7, and Counts 9 through 11, remand for resentencing, and otherwise affirm.[1]

*Defendant's First and Second Assignments of Error.* Defendant's first and second assignments of error assert, respectively, that the trial court erred when it denied his motion for pretrial election and erred when it denied his demurrer. We need not decide whether the trial court erred when it denied defendant's motion for pretrial election or demurrer, however, because, as explained later in this opinion, we reverse defendant's convictions for first-degree rape, first-degree sodomy, second-degree assault, and unlawful use of a weapon, on other grounds. And we are not persuaded that the trial court's errors, if any, as to defendant's motion for pretrial election and demurrer were harmful as to the remaining crimes for which defendant was convicted—*i.e.*, kidnapping, coercion, and causing another person to ingest controlled substances. That is, as to those offenses, we conclude that any error was harmless. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that

---

[1] In Case No. 20CR53446, defendant appeals a judgment of conviction for two-counts of fourth-degree assault constituting domestic violence, ORS 163.160. But he does not challenge those convictions on appeal.

the particular error affected the verdict?"); *State v. Magana*, 212 Or App 553, 560-65, 159 P3d 1163, *rev den*, 343 Or 363 (2007) (where defendant failed to identify "with particularity *on appeal* how he was in fact prejudiced by the lack of a pretrial election" this court could not "say that defendant was prejudiced at all by the lack of a pretrial election" (emphasis in *Magana*)).[2]

   *Third Through Eighth Assignments of Error.* Defendant's third through eighth assignments of error concern the instructions given to the jury as to first-degree rape (Count 1) and first-degree sodomy (Count 2).[3]

---

[2] We note that, in contrast to certain of defendant's other assignments of error, with regard to his first and second assignments of error, defendant does not argue that we should apply the harmlessness test applicable to federal constitutional error—*i.e.*, whether the "error is harmless beyond a reasonable doubt." *State v. Perkins*, 325 Or App 624, 631, 529 P3d 999 (2023). But given the circumstances of this case, our conclusion as to defendant's first two assignments of error would be the same under either the state or federal standards for assessing whether error was harmless.

[3] The jury instruction regarding first-degree rape provided:

 "In this case, to establish the crime of rape in the first degree, the state must prove beyond a reasonable doubt the following three elements:

 "(1) The act occurred on or between September 1, 2020 and September 12, 2020;

 "(2) Defendant] unlawfully had sexual intercourse with [the victim]; and

 "(3) Defendant] unlawfully subjected [the victim] to forcible compulsion."

The jury instruction regarding first-degree sodomy provided:

 "In this case, to establish the crime of sodomy in the first degree, the state must prove beyond a reasonable doubt the following three elements:

 "(1) The act occurred on or between September 1, 2020 and September 12, 2020;

 "(2) [Defendant] knowingly had oral sexual intercourse with [the victim]; and

 "(3) [Defendant] knowingly subjected [the victim] to forcible compulsion."

Those instructions tracked the Uniform Criminal Jury Instruction (UCrJI) for first-degree rape, *i.e.*, UCrJI 1603, and first-degree sodomy, *i.e.*, UCrJI 1606, prior to July 2022. In July 2022, the third element in UCrJI 1603 was modified to require that the jury also find that the "forcible compulsion *resulted in* sexual intercourse" and the third element in UCrJI 1606 was modified to require that the jury also find that the "forcible compulsion *resulted in* the oral or anal sexual intercourse." (Emphases added.)

Although defendant's trial took place in September 2022, after the July 2022 modifications of UCrJI 1603 and UCrJI 1606, the state provided the trial court an outdated copy of UCrJI 1603 and UCrJI 1606 that did not include the July 2022

Regarding the first-degree rape charge, defendant argues that the trial court erred in omitting "any culpable mental state whatsoever from any of the elements, including forcible compulsion." Regarding both the first-degree rape and first-degree sodomy charges, he argues that the trial court erred in failing to provide an instruction that required the jury to find a causal connection between forcible compulsion, on the one hand, and the sexual contact to which he subjected the victim, on the other.

We begin with the second issue, which, as noted, concerns both the first-degree rape and the first-degree sodomy charges—*i.e.*, the trial court's failure to provide an instruction that required the jury to find a causal connection between the forcible compulsion and the sexual contact to which defendant subjected the victim. The state contends that the instructions given by the trial court were sufficient "to state the necessary 'as a result of' connection" between the forcible compulsion and the sexual contact. That is so, in the state's view, because the instructions "proceeded in the form of the state having to prove a conjunction of three elements joined by an 'and': one, two, and three."

We agree with defendant that the trial court erred and disagree with the state that the instructions given were sufficient to inform the jury regarding the requisite causal connection between the forcible compulsion and the sexual contact. As charged, the state was required to prove that defendant's act or acts constituting forcible compulsion "resulted in the sexual contact that is the focus of the charge, in the sense that it compelled the victim to submit to or engage in the contact." *See State v. Marshall*, 350 Or 208, 227, 253 P3d 1017 (2011) (so holding with regard to the forcible compulsion element of first-degree sexual abuse). But the trial court's instructions as to the first-degree rape and first-degree sodomy counts did not require that the jury find that such a causal connection existed, and thus the instructions were erroneous, notwithstanding that the elements were "joined by an 'and.'" *See State v. Woodman*, 341 Or 105, 118, 138 P3d 1 (2006) ("In determining whether it was error

---

modifications. The trial court delivered the outdated version of UCrJI 1603 and UCrJI 1606 that did not reflect the July 2022 modifications.

to give a particular instruction, we read the instructions as a whole to determine whether they state the law accurately."); *see also Estate of Michelle Schwarz v. Philip Morris Inc.*, 348 Or 442, 454, 235 P3d 668, *adh'd to on recons*, 349 Or 521 (2010) ("For appellate courts reviewing claims of instructional error, the touchstones are legal accuracy and clarity[.]").

Turning to the trial court's failure to instruct the jury as to the culpable mental state for first-degree rape, with regard to the merits of that issue—but not with regard to whether any error was harmless—the state concedes that "because the instruction on the rape charge incorrectly used 'unlawfully' instead of 'knowingly,' that instruction was plain error." We agree with and accept that concession. *See State v. Nelson*, 241 Or App 681, 689, 251 P3d 240 (2011), *rev dismissed*, 354 Or 62 (2012) ("[I]n order to convict defendant of first-degree rape and first-degree sexual abuse, the state was required to prove that defendant knowingly subjected the victim to forcible compulsion.").

Further, having considered the parties' arguments, we conclude that the trial court's errors in instructing the jury as to first-degree rape and first-degree sodomy were not harmless.

As to the first-degree sodomy count, although there was evidence from which the jury could find that the oral sexual intercourse between defendant and the victim was not consensual, the victim also testified that such oral sexual intercourse was always "willing," and that the sodomy charge should not have been brought against defendant. And there was evidence from which the jury could have found that defendant subjected the victim to "forcible compulsion" unrelated to any sexual act—*e.g.*, telling the victim that, if she left the trailer that they occupied, he would kill her family. *See* ORS 163.305(1) (defining "forcible compulsion" to include a "threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person"). Consequently, the jury could have found that defendant "knowingly had oral sexual intercourse with [the victim]" and "knowingly subjected [the victim] to forcible compulsion" without finding the requisite

causal connection between the two acts. *Cf. Davis*, 336 Or at 32 (in assessing harmlessness, our inquiry concerns "the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling").

As to the first degree-rape count, the victim testified that defendant had nonconsensual sexual intercourse with her after he had broken her ribs. However, in the circumstances of this case—which include evidence of consensual sexual intercourse between defendant and the victim, and an absence of evidence reflecting that the victim communicated that the sexual intercourse was not consensual—we cannot say that the error in failing to instruct the jury as to the requisite mental state was harmless beyond a reasonable doubt. *State v. Gray*, 261 Or App 121, 131, 322 P3d 1094 (2014) (failure to give a mental state instruction as to forcible compulsion was not harmless where, "even if the jury believed [the victim's] version of events * * *, a reasonable juror might have doubted whether defendant knew that he had subjected [the victim] to forcible compulsion, particularly given [the victim's] testimony that she had, on previous occasions, allowed defendant to pull her hair and put his hands on her neck"); *State v. Perkins*, 325 Or App 624, 630, 529 P3d 999 (2023) (holding that "the failure to submit a required element of an offense to the jury is a federal constitutional error" and to affirm in such a circumstance "we must be able to conclude that the error is harmless beyond a reasonable doubt").

Consequently, we reverse and remand defendant's convictions on Counts 1 and 2.

*Ninth and Tenth Assignments of Error.* In his ninth and tenth assignments of error, defendant contends, among other points, that the trial court plainly erred "when it entered a conviction for first-degree kidnapping [on Count 3] based on the theory that defendant kidnapped the victim in furtherance of the commission or attempted commission of first-degree rape or sodomy." Defendant argues the trial court plainly erred in doing so because the victim was over 12 years of age at the time of his conduct toward her, and that, under ORS 163.235(1)(e), kidnapping with the purpose

of committing first-degree rape or sodomy is only elevated from second-degree kidnapping to first-degree kidnapping if the victim is under 12 years of age. *See State v. Miles*, 326 Or App 410, 416, 533 P3d 368 (2023) ("Each of the referenced sections of the first-degree sexual offenses [in ORS 163.235(1)(e)] requires the victim to be under 12 years of age.").

The state responds that, in *State v. Strickland*, 36 Or App 119, 124, 584 P2d 310 (1978), this court held that "[o]ne who has the purpose of forcibly raping another has the purpose of causing physical injury." As the state sees it, even though defendant could not be guilty of first-degree kidnapping under ORS 163.235(1)(e), because the victim was an adult, he was guilty of first-degree kidnapping under ORS 163.235(1)(c), which elevates second-degree kidnapping to first-degree kidnapping when the kidnapping is done with the purpose of causing "physical injury to the victim."

Our decision in *Miles* is on all fours with this case and is controlling in these circumstances. 326 Or App at 417 (accepting state concession that the trial court plainly erred in entering a conviction for first-degree kidnapping where defendant kidnapped the victim with the purpose of committing sexual offenses against her and the victim "was an adult at the time of the offenses"). For the reasons stated in *Miles*, we exercise our discretion to correct the plain error. *Id.* (noting, among other considerations, the gravity of the error).

We note that, given our conclusion in *Miles*, the state's reliance on *Strickland* is misplaced for two reasons: First, *Strickland* interpreted a prior version of ORS 163.235, before subsection (e) was added. Second, the defendant in *Strickland*, unlike the defendant here, was charged with kidnapping the victim "with the purpose of causing physical injury to her."[4]

For those reasons, we reverse and remand defendant's conviction on Count 3, with instructions to reduce

---

[4] In view of our conclusion that *Miles* is controlling, we need not consider whether defendant's conviction for first-degree kidnapping in Count 3 would need to be remanded because of our reversal and remand of defendant's convictions for first-degree sodomy and first-degree rape.

that conviction to the lesser-included offense of second-degree kidnapping (subject to the potential merger of the guilty verdicts on Counts 3 and 4, as discussed below). But, in reaching our conclusion in this case, we also note that the state has not argued that *Miles* is "plainly wrong" such that it should be overruled. *State v. England*, 334 Or App 545, 549, 556 P3d 1056 (2024) ("We overrule precedent only when it is plainly wrong, a rigorous standard satisfied only in exceptional cases, and the party seeking to change a precedent must affirmatively persuade us that we should abandon our prior decision.").

*Eleventh Assignment of Error.* In his eleventh assignment of error, defendant contends that the trial court plainly erred when it failed to merge the guilty verdicts on the two kidnapping counts, Counts 3 and 4. The state concedes that the trial court plainly erred.

Because we are remanding Counts 3 and 4 for resentencing, the trial court will have the opportunity to address and correct any error with regard to merger of Counts 3 and 4 on remand.

*Twelfth Through Eighteenth Assignments of Error.* In his twelfth through eighteenth assignments of error, defendant contends that the trial court erred when instructing the jury in connection with the three counts of second-degree assault (Counts 5 through 7), and the three counts of unlawful use of a weapon (Counts 9 through 11). And specifically, in his twelfth assignment of error, defendant contends that the trial court erred by failing to provide a jury instruction defining the term "serious physical injury," which is defined as

"physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

ORS 161.015(8).

Defendant contends that an instruction defining "serious physical injury" was necessary because, as charged, the second-degree assault counts required the state to prove that defendant "knowingly caused physical injury to [the

victim] by means of a dangerous weapon" and the unlawful use of a weapon counts required the state to prove that defendant "possessed any dangerous weapon" and "intended to use unlawfully the weapon" against the victim. A "dangerous weapon" is, as defendant points out, defined with reference to "serious physical injury," and the jury was provided with that definition of a "dangerous weapon":

> "'Dangerous weapon' means any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or *serious physical injury*."

Further, although the jury was not instructed as to the definition of "serious physical injury," it was instructed as to the definition of "physical injury." That instruction provided, in relevant part:

> "The term physical injury means an injury that impairs a person's physical condition or causes substantial pain."[5]

Additionally, defendant asserts that the trial court's failure to instruct the jury as to the meaning of the term "serious physical injury" was harmful, because "it deprived the jury of the necessary context for evaluating whether the objects defendant used were capable of causing serious physical injury" and the jury "would have been left guessing as to how serious an injury the alleged weapon had to be capable of causing."

In response to defendant's twelfth assignment of error, the state acknowledges that the trial court "should have given" an instruction defining "serious physical injury." It contends, however, that the omission of that definition from the jury instructions was harmless "in the particular

---

[5] The instruction further provided:

"An injury impairs a person's physical condition if it results in a reduction in the person's ability to use the body or a bodily organ or if it results in a reduction in a bodily organ's ability to perform its ordinary function.

"Substantial pain refers to both the degree and the duration of the pain. Pain is substantial if it is ample or considerable, and the duration of the pain was not fleeting or inconsequential.

"Oregon law provides that for cases involving physical injury as an element of an offense, the State must prove that the Defendant, at the very least, caused physical injury with criminal negligence."

context of this case, both because of the manner in which defendant employed [among other objects, a hammer, a foundation bottle, and a torch] and the nature of the specific injuries that [the victim] suffered as a result, and because the basic concept of 'death or serious physical injury' is within the jurors' common knowledge and so the omitted instruction would not have told them anything that they did not already know."

We agree with defendant and the state that it was error for the trial court to fail to instruct the jury with the definition of "serious physical injury." We also conclude that that error was not harmless.

As an initial matter, contrary to the state's argument, the meaning of "serious physical injury" is not something that is necessarily within a juror's "common knowledge." That is particularly true here, because the jury was provided with the definition of physical injury, which includes an injury that causes "substantial pain." ORS 161.015(7). That stands in contrast to the meaning of "serious physical injury" under Oregon law, which does not include "pain" as a criterion. ORS 161.015(8).

We also disagree with the state's view that the "manner in which defendant employed [the various objects] and the nature of the specific injuries that [the victim] suffered" rendered the error harmless. Although the evidence was certainly sufficient for the jury to have determined that defendant committed the crimes of second-degree assault and unlawful use of a weapon as alleged, *see, e.g.*, *State v. Allen*, 108 Or App 402, 406, 816 P2d 639 (1991) (evidence was legally sufficient for the factfinder to determine that a "small, hard object" was used as a "dangerous weapon"), that is not the only conclusion that the jury could have reached had it been properly instructed.

In that regard, we note that, during his closing argument, defendant highlighted, for example, that the evidence did not reflect that his conduct caused the victim to "break or facture any bones" in her foot and that a doctor testified that a red mark on the victim could have been a "first-degree" burn. We thus conclude that the trial court's

error in failing to instruct the jury as to the definition of "serious physical injury" was not harmless as to the three counts of second-degree assault (Counts 5 through 7), and the three counts of unlawful use of a weapon (Counts 9 through 11). As to those counts, we reverse and remand.

Finally, we note that, in connection with his twelfth through eighteenth assignments of error, defendant argues that the trial court's errors in instructing the jury as to the crimes of second-degree assault and unlawful use of a weapon were harmful not just as to his convictions for those crimes but also as to the other crimes for which the jury found him guilty. Having reviewed the record, we disagree, and we conclude that any errors identified by defendant in his twelfth through eighteenth assignments of error were harmless as to the two counts of kidnapping (Counts 3 and 4), as to the count of coercion (Count 8), and as to the count of causing another person to ingest a controlled substance (Count 12), which are the only counts that remain for us to consider given our analysis with regard to defendant's other assignments of error.

In Case Number 20CR50251, convictions on Counts 1, 2, 3, 5, 6, 7, 9, 10, and 11 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case Number 20CR53446, remanded for resentencing; otherwise affirmed.