Argued and submitted February 21, affirmed April 17, petition for review denied August 15, 2013 (354 Or 61)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS RUSSELL HOOPER,
*Defendant-Appellant.*

Linn County Circuit Court
10040591; A147013

300 P3d 235

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Dennis Russell Hooper filed the supplemental brief *pro se.*

Andrew Morgan Lavin, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and De Muniz, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Following a jury trial, defendant was convicted of reckless driving, ORS 811.140, and reckless endangerment, ORS 163.195. He asserts that the trial court erred by limiting his closing argument in a way that, in his view, "interfered with the jury's obligation to determine whether the state had proved" venue beyond a reasonable doubt.[1] We disagree with defendant's assessment of the trial court's actions and, as explained below, affirm.

The conduct that led to the charges in this case occurred while defendant was traveling north on Interstate 5 on a trip from Medford to Portland. According to Engles, who was driving from Eugene to Portland on the day in question, defendant was gesturing, driving very close to Engles's rear bumper, and eventually drove onto the left shoulder of the road and drove beside Engles, matching his speed. Another driver, Gilbert, described the same incident. She also observed defendant driving aggressively in relation to at least one other vehicle. Both Engles and Gilbert called 9-1-1 to report defendant's driving. As a result of those two calls, defendant was pulled over in Linn County. Ultimately, he was charged in Linn County with reckless driving and reckless endangerment. The charging instrument alleged that the crimes occurred "in a vehicle in transit" and that the vehicle passed through Linn County.[2]

Defendant, appearing *pro se*, filed a pretrial motion pursuant to ORS 131.363, asking that the venue for the trial be changed from Linn to Lane County.[3] Defendant asserted that

"[o]ne of the alleged victims * * * resides in Jackson County, Oregon. One of the witnesses, * * * Gilbert, resides in Douglas

---

[1] Defendant raises two additional assignments of error in a *pro se* supplemental brief. We reject those assignments without published discussion.

[2] As to the reckless endangerment charge, the charging instrument alleged that the crime occurred in Linn County and also included an alternative venue provision alleging that the crime occurred in a vehicle in transit that had passed through Linn County.

[3] ORS 131.363 provides:

"For the convenience of parties and witnesses, and in the interest of justice, the court, upon motion of the defendant, may order the place of trial to be changed to another county."

County, Oregon. The Defendant * * * resides in the State of Georgia. The Defendant will utilize the nearest major airport for appearances in Court, in this case Eugene, Oregon."

Thus, "for the convenience of one victim, one witness, and the [d]efendant and in the interest of justice and expediency," defendant asserted that the trial should be held in Lane County. The court denied defendant's motion, and a jury trial was held in Linn County.

During his closing argument, defendant, still *pro se*, began to argue about the proper location for trial:

"The State would like to have it both ways; they're not sure of where the crime occurred. They're saying in transit, we started in Medford, went clear to Portland. That covers a lot of area. *It would have been convenient for the trial to be held in * * * Jackson County. Or it would be more convenient for an airport to fly in like Lane County*, but it's the State's advantage to make it Linn County because that's where I was pulled over."

(Emphasis added.) At that point, the court addressed defendant:

"Mr. Hooper, there's no issue here as to venue. And there has been nothing raised today with [regard] to the proper place for trial. So leave that, please."

Ultimately, the jury found defendant guilty on both charges, and the court entered a judgment of conviction.

On appeal, defendant first asserts that the trial court erred when it limited his closing argument. "It is well established that a trial court generally possesses broad discretion to control the proceedings before it." *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000). Accordingly, "[a]bsent abuse, the control of closing arguments is left to the trial court judge, who has broad authority to control the conduct of the trial." *State v. Goodin*, 8 Or App 15, 23-24, 492 P2d 287 (1971).

According to defendant, the trial court in this case abused its discretion because it did not allow him to argue that the "state had failed to prove venue." (Boldface omitted.) We

disagree. At the time that the trial court interrupted defendant's argument, he was not attempting to argue about the facts pertaining to where the crime occurred. Instead, defendant was discussing where the trial was being held, the issue addressed in his pretrial motion for change of venue. In particular, the court stopped defendant when he was asserting to the jury that it would have been more convenient to hold the trial somewhere other than Linn County (such as Jackson or Lane County). Thus, in context, the trial court did not limit defendant's closing argument to prevent him from arguing that the state had failed to prove a material allegation of the charges. Rather, defendant was attempting to reargue the legal issue raised in the pretrial motion for change of venue and resolved by the court's order denying that motion. The trial court did not abuse its discretion in limiting defendant's argument on that issue.

Defendant also contends that, by stating in the presence of the jury that there was "no issue here as to venue," the trial court "misstated the law" and "interfered with the jury's obligation to determine whether the state had proved each count beyond a reasonable doubt." Again, we disagree.

"The jury—not the court—must decide whether each factual element of a crime has been proved beyond a reasonable doubt." *State v. Poole*, 175 Or App 258, 263, 28 P3d 643 (2001). Accordingly, the trial court may not comment on the evidence. *See State v. Blanchard*, 165 Or App 127, 130, 995 P2d 1200, *rev den*, 331 Or 429 (2000). "A court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue." *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998).

Here, of course, the trial court's statement regarding venue was made to defendant and was not directed at the jury. Furthermore, as discussed above, the statement, in context, was aimed at limiting defendant's argument regarding the convenience of the trial location, and not at what the state had proved or was required to prove beyond a reasonable doubt. Granted, the court's phrasing of its

statement to defendant was far from ideal. Nonetheless, in context, it was not a comment on the evidence.

In addition, given the specific instructions that the court later gave to the jury, we cannot conclude that the jury would have been misled by the court's earlier statement limiting defendant's closing argument. In particular, among other things, the court instructed the jurors that it was their "sole responsibility to make all of the decisions about the facts in th[e] case" and that they were not to "allow anything [that the court had] said or done during the course of th[e] trial to suggest that [the court had] formed any opinion" about the case. With respect to the particular criminal charges at issue, the court instructed the jury that, for defendant to be convicted of reckless driving, the state was required to prove four elements beyond a reasonable doubt, one of which was that "[t]he act occurred in a vehicle in transit" and that, "[a]t some point the vehicle passed into or over Linn County." For reckless endangerment, the court instructed the jury that, to convict defendant, it had to find beyond a reasonable doubt that the "act occurred in Linn County, Oregon." Thus, the court clearly instructed the jury as to the factual findings that it had to make relating to venue in order for defendant to be convicted.

"[W]e assume that jurors follow their instructions, absent an overwhelming probability that they would be unable to do so." *State v. Barone*, 329 Or 210, 225, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000) (internal quotation marks omitted). Under all the circumstances presented here, we cannot conclude that the trial court's statement to defendant during closing argument would have led the jury to believe that, regardless of the court's specific instructions, there was no need to determine factually whether the crime occurred in Linn County or in a vehicle in transit that passed into Linn County.[4] In other words, regardless of the court's poor choice of words in limiting defendant's argument, we cannot conclude that the statement in question prejudiced defendant.

Affirmed.

---

[4] Defendant did not request any additional jury instructions or note any exception to the jury instructions that were given. *See* ORCP 59 H.