Submitted January 21, conviction for second-degree assault reversed and remanded; remanded for resentencing; otherwise affirmed June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN WAYNE FLETCHER,
*Defendant-Appellant.*

Lane County Circuit Court
201114141; A150541

330 P3d 659

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Nakamoto, Judge, and DeVore, Judge.

DEVORE, J.

## DEVORE, J.

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175.[1] Defendant does not assign error to his convictions on two counts of coercion and one count of harassment. Defendant assigns error to the trial court's ruling that defendant could not contend, in closing argument, that the state must prove, but had not, that defendant intended or knew that he used a dangerous weapon.[2] The state responds that the matter is not preserved for appeal and that defendant's statement of the law is incorrect. We conclude that the matter was preserved, and, as to the merits, we review for abuse of discretion, reverse, and remand. *State v. Hooper*, 256 Or App 237, 239, 300 P3d 235, *rev den*, 354 Or 61 (2013) (applying that standard). "Because the jury found defendant guilty, we review the facts in the light most favorable to the state." *State v. Williams*, 313 Or 19, 21, 828 P2d 1006, *cert den*, 506 US 858 (1992).

Defendant and another person, Martindale, were in custody in Lane County, awaiting sentencing. About a week before Martindale's sentencing hearing, defendant demanded that Martindale "pass [his] food over to [defendant] from that period on[.]" One day, after Martindale had failed to save food for defendant, defendant struck Martindale in the face with a broom handle. A witness for defendant testified that defendant did not use a lot of force and only tapped defendant in the face with the broom handle. Martindale recounted that the broom handle was swung hard like a baseball bat. He suffered two chipped teeth and a cut cheek where he bit down from the impact and bled.

At trial, defendant orally requested a jury instruction that the state must prove that defendant must have known that the broom's shaft was a dangerous or deadly

---

[1] ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if the person:

"*****

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon *** [.]"

[2] We reject, without elaboration, defendant's second assignment of error concerning nonunanimous jury verdicts.

weapon. The court refused to give that instruction.[3] Defendant persisted, indicating that he would deal with the point in closing argument:

"I would just argue that the 'knowing' element applies to each and every element of that charged offense, Your Honor, and knowing that it's a dangerous or deadly weapon is one of those things the state would have to prove."

The court again refused to offer defendant's jury instruction and directed defendant not to present that argument in closing to the jury, emphasizing, "[D]on't argue it because I'd have to interrupt you and say that's not the law." Defendant adhered to the court's ruling and neither presented a written jury instruction, nor made the proposed argument in closing. The jury found defendant guilty on all counts.

The state argues that the matter is not preserved for appeal. We have concluded that "the party asserting error on appeal must do *something*, and that something must provide the trial court with enough information 'to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.'" *State v. Mosley*, 206 Or App 172, 176, 136 P3d 73 (2006), *rev den*, 342 Or 299 (2007) (quoting *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)). Here, defendant plainly argued that the state had a burden to prove that defendant knew that the broom shaft was a dangerous or deadly weapon and that he wanted the jury to hear that argument. The record confirms that the trial court prevented defendant from advancing that argument during closing and that defendant complied with the court's instruction. The court undoubtedly understood defendant's position and ruled on it. Thus, defendant's appellate issue was preserved.[4]

---

[3] The court would ultimately instruct the jury that

"[t]here are three material elements to this charge, and they must be proven beyond a reasonable doubt. They are: (1) that the act occurred in Lane County, Oregon; (2), that the act occurred on or about July 1st of this year; and (3), that the defendant unlawfully and knowingly caused physical injury to Mr. Martindale by means of a dangerous weapon."

[4] Defendant has not assigned error to the court's refusal to consider the jury instruction he requested orally.

We turn to the merits. Defendant is correct that the state must prove that defendant intentionally or knowingly used a dangerous weapon. ORS 161.095; ORS 163.175(1)(b); *see State v. Boyce*, 120 Or App 299, 305, 852 P2d 276 (1993); *State v. Jackson*, 252 Or App 74, 82, 284 P3d 1266 (2012) (applying *Boyce* intent requirement). Omitting exceptions not relevant here, "a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." ORS 161.095(2). Defendant was indicted on a charge of second-degree assault, requiring proof of the element that defendant "[i]ntentionally or knowingly cause[d] physical injury to another by means of a deadly or dangerous weapon[.]" ORS 163.175(1)(b). The culpable mental state—intent or knowledge—applies to all of the elements of the crime. Therefore, intent or knowledge must be proven not simply with regard to physical injury, but with regard to the nature of the weapon employed as well.[5]

In *Boyce*, the defendant was charged with second-degree assault after she slashed a victim's face with a broken beer glass during a nightclub brawl. 120 Or App at 301. The defendant argued that she did not intend to use a dangerous weapon because she did not realize that the glass had been broken. *Id.* at 307. We concluded that the defendant "did not commit second-degree assault unless she intended to cause the victim physical injury *and* she intended to do so by means of a dangerous weapon." *Id.* at 305 (emphasis in original). We observed that the jury could have found that the defendant "intended to cause the victim a physical injury but did not intend to cause it by a dangerous weapon." *Id.* The trial court, therefore, erred by not giving the defendant's requested jury instruction as to a lesser-included offense, which had not involved a dangerous weapon. Akin to *Boyce*, the trial court in this case was mistaken in its

---

[5] Oregon statute defines a "dangerous weapon" to mean "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). The array of instruments that can become dangerous, as used, is not small. *See, e.g., State v. Allen*, 108 Or App 402, 816 P2d 639 (1991) (small hard object); *State v. Bell*, 96 Or App 74, 771 P2d 305, *rev den*, 308 Or 142 (1989) (cowboy boots).

impression that defendant's intended closing argument did not reflect the law. Ironically, defendant's intended closing argument was consistent with the instruction given to the jury, when properly understood.[6]

"Absent abuse, the control of closing arguments is left to the trial court judge, who has broad authority to control the conduct of the trial." *State v. Goodin*, 8 Or App 15, 23-24, 492 P2d 287 (1971). In *Hooper*, we concluded that the trial court did not abuse its discretion when it prevented a defendant, in closing argument to the jury, from rehashing an immaterial, pretrial argument about venue, based on the convenience of witnesses. 256 Or App at 240. To distinguish the situation, we observed that "the trial court did not limit defendant's closing argument to prevent him from arguing that the state had failed to prove a material allegation of the charges." *Id.* In the case at hand, the trial court did limit defendant's closing argument to prevent him from arguing that the state had failed to prove a material allegation of the charge. The court prevented defendant from making an argument based on a correct understanding that the state must prove that defendant intended or knew that the shaft of the broom, as used, has the characteristics of a dangerous weapon. In doing so, the court abused its discretion.

Conviction for second-degree assault reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[6] *See*, 263 Or App at 632 n 3.