Submitted October 4; count 1 reversed and remanded, remanded for resentencing, otherwise affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM THOMAS HIGGINBOTHAM,
*Defendant-Appellant.*

Tillamook County Circuit Court
18CR05067; A167754

450 P3d 1042

Jonathan R. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant drove his daughter into the woods and severely beat her with a wooden stick. After a jury trial, he was convicted of second-degree assault (Count 1), ORS 165.175, and first-degree criminal mistreatment (Count 3), ORS 163.205. Defendant appeals and raises five assignments of error: (1) There was insufficient evidence to permit a finding that the stick was a "dangerous weapon" under ORS 161.015(1); (2) there was insufficient evidence to find that he knew the stick was a dangerous weapon as required by ORS 165.175(1)(b); (3) the trial court failed to instruct the jury that it had to find that defendant knew the stick was a dangerous weapon; and the trial court plainly erred by (4) instructing the jury that it could accept a nonunanimous verdict on the charges and (5) by accepting a nonunanimous verdict on the assault charge.[1]

The state responds that the evidence is sufficient to support a finding that the stick was a dangerous weapon, and also that defendant knew it was a dangerous weapon. The state concedes, however, that, in view of *State v. Fletcher*, 263 Or App 630, 633, 330 P3d 659 (2014), the trial court erred by not instructing the jury that it had to find that defendant knew the stick was a dangerous weapon and that the court's error requires us to reverse and remand on Count 1. We agree and accept the state's concession.

As we explained in *Fletcher*, to establish second-degree assault under ORS 163.175(1)(b), "the state must prove that defendant intentionally or knowingly used a dangerous weapon" and that "intent or knowledge must be proven not simply with regard to physical injury, but with regard to the nature of the weapon employed as well." 263 Or App at 633. Here, although the jury necessarily found that defendant caused physical injury, which would constitute fourth-degree assault, it did not have instructions that adequately communicated the mental state element of

---

[1] Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts. As to Count 3, we reject those arguments on the merits without further discussion and, in light of our disposition of Count 1, we need not reach them on that count. *State v. Haws*, 297 Or App 812, 813 n 1, 444 P3d 1125 (2019).

second-degree assault, that is, that the jury was required to find that defendant knew that the stick was a dangerous weapon. For that reason, we reverse the conviction on Count 1 and remand to allow the prosecution, at its sole election, to decide whether to seek entry of a verdict for fourth-degree assault or to retry defendant on the charge of second-degree assault.

Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.