Submitted November 5, 2018, affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SERENGAW HAM,
aka Tong Eleet, aka TR Marten,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR28808; A163759

453 P3d 927

Defendant pleaded no contest to, among other offenses, five counts of recklessly endangering another person, ORS 163.195. Before sentencing, defendant moved to merge all five guilty verdicts on the reckless endangerment counts. The sentencing court denied the motion and convicted defendant of all charges. Defendant appeals, contending that the five reckless endangerment counts should have been merged because the indictment did not specify each individual victim and the state's failure to clarify who in particular defendant was accused of endangering resulted in a conviction on an improper factual basis. *Held*: Under *State v. Slagle*, 297 Or App 392, 441 P3d 644, *rev den*, 365 Or 557 (2019), a defendant who makes an unqualified guilty or no contest plea assents to the broadest construction of the plea. Because defendant's plea could be construed to apply to five separate victims, and because defendant stipulated to facts necessary to convict him of five separate counts of reckless endangerment, the trial court did not err in denying defendant's motion.

Affirmed.

David F. Rees, Judge. (Judgment)

Judith H. Matarazzo, Judge. (Supplemental Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

While intoxicated, defendant crashed his car into another car, pushing that car into another car, which was pushed into a third car. He was charged with, among other offenses, five counts of recklessly endangering another person, ORS 163.195. Defendant pleaded no contest to all charges and was convicted. On appeal, defendant contends that the five reckless endangerment verdicts should have been merged because the indictment did not specify each individual victim. Defendant also argues that the state's failure to clarify who in particular defendant was accused of endangering resulted in a conviction on an improper factual basis. In light of our holding in *State v. Slagle*, 297 Or App 392, 441 P3d 644, *rev den*, 365 Or 557 (2019), we reject defendant's arguments and affirm.

Three people were in the first car that defendant hit; the second and third cars affected by the collision were each occupied by one person. The state charged defendant with multiple offenses, including five counts of reckless endangerment. Each reckless endangerment count was identically worded and alleged:

"The said Defendant(s) *** did unlawfully and recklessly create a substantial risk of serious physical injury to another person, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon[;]

"This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument."

At the plea hearing, defendant stipulated to facts sufficient to support a finding of guilt on each of the reckless endangerment counts. Before sentencing, defendant moved the court to merge all five guilty verdicts on the reckless endangerment counts. He asserted that the indictment was inadequate to establish that each count had a separate victim. Therefore, defendant argued, he was charged with five counts of one offense that should merge. The court denied the motion and entered judgment on five separate convictions for reckless endangerment.

Defendant appeals, assigning error to the sentencing court's refusal to merge the five guilty verdicts on the reckless endangerment counts. He contends that the indictment did not say that each count was against a separate victim and the state did not identify each victim at the plea hearing. Therefore, defendant argues, his plea should not be construed to be an admission to the fact that each count involved a separate victim. Defendant also asserts that failure to identify the victims of the reckless endangerment charges means that defendant was sentenced for charges on an improper factual basis, which, in defendant's view, would be unconstitutional.

We review the sentencing court's determination of whether to merge verdicts for errors of law. *State v. Huffman*, 234 Or App 177, 183, 227 P3d 1206 (2010). Under ORS 161.067, because it is undisputed that defendant's offenses involved the same conduct or criminal episode, whether the reckless endangerment verdicts merge turns on whether the sentencing court permissibly determined that each count involved a separate victim. ORS 161.067(2) provides that, "[w]hen the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

Our recent decision in *Slagle* controls the resolution here. In *Slagle*, the defendant pleaded guilty—without any limitation or qualification (contained in a plea bargain or elsewhere)—to 10 counts of first-degree encouraging child sexual abuse, ORS 163.684. *Slagle*, 297 Or App at 393-94. Counts 2 through 10 alleged:

> "'The defendant *** did unlawfully and knowingly possess a record in visual recording of sexually explicit conduct involving a child, separate and distinct from all others alleged in this Information, with the intent to disseminate the record in visual recording while knowing or being aware of and consciously disregarding the fact that creation of the visual recording of sexually explicitly conduct involved child abuse[.]'"[1]

---

[1] "Count one differed only in that it did not include the phrase 'separate and distinct from all others alleged in this Information.'" *Slagle*, 297 Or App at 394.

*Id.* at 393. The defendant argued that all 10 guilty verdicts should have merged into a single verdict because the charging instrument did not identify or otherwise specify that each count involved a separate victim. *Id.* at 395. He maintained that that omission meant that he had pleaded guilty to committing crimes against one "generic victim" only. *Id.*

We rejected that theory. We first observed that the indictment broadly alleged that each count of first-degree encouraging child sexual abuse entailed "conduct involving *a child*." *Id.* (emphasis in original). We noted that an indefinite article such as the one in "a child" can be used specifically and nonspecifically, and therefore could be read to refer to a different child in each count. *Id.* We also reasoned that "the defendant, by failing to limit or qualify his pleas, assent[ed] to the broadest construction of his pleas." *Id.* (citing *Hibbard v. Board of Parole*, 144 Or App 82, 87-88, 925 P2d 910 (1996), *vac'd on other grounds*, 327 Or 594, 965 P2d 1022 (1998) (omission and internal quotation marks omitted)).[2] We therefore concluded that, "[b]ecause defendant pleaded guilty without qualifying his pleas, he assented to the broader construction that he possessed 10 visual recordings of different children." *Id.* at 396.

The same reasoning disposes of defendant's contention in this case that the verdicts must merge because the indictment does not specifically allege that all five counts involved separate victims. Here, like in *Slagle*, defendant's plea was not conditional, limited, or otherwise subject to the terms of a plea agreement. Similar to each count in *Slagle* that broadly alleged harm to "a child," each reckless endangerment count here broadly alleges harm to "another person." Just as each reference to "a child" in *Slagle* could be properly construed to refer to a separate child, each reference to "another person" can be construed to pertain to a separate victim. *See Webster's Third New Int'l Dictionary*

---

[2] We note that, in *Hibbard*, *Slagle*, and this case, there was no dispute that the charging instrument alleged all material elements of the pertinent crimes. We also observe that, in this case, the factual basis offered to support the plea is consistent with the broad construction of the indictment. We are not called upon to address how the "broad construction" principle would apply if that construction conflicted with the state's proffered factual basis for a plea.

89 (unabridged ed 2002) (defining "another" as "different or distinct from the one first named or considered"). And, as in *Slagle*, defendant assented to the broadest construction of his pleas when he did not limit them. 297 Or App at 395-96. For those reasons, under *Slagle*, the sentencing court permissibly construed the five reckless endangerment counts to pertain to separate victims. Consequently, ORS 161.067(2) precluded merger.

Defendant also argues that, because each victim was not identified, there is "no way to guarantee that the [reckless endangerment] charges in the indictment were the same as those to which defendant pleaded no contest and for which defendant was ultimately sentenced." Defendant's improper factual basis theory is not entirely clear and he cites no authority to support it.[3] We reject it. Because each count may properly be construed to correspond to a separate victim in this case, and because defendant stipulated to the facts necessary to convict him of five separate counts of reckless endangerment, the court did not sentence defendant on an improper factual basis.

Affirmed.

---

[3] We understand defendant to be attacking the validity of the trial court's factual basis inquiry under ORS 135.395. We have held that "[a] guilty plea obviates the need for the state to present any evidence, so long as the judge has a basis for determining that the plea is voluntary and has a factual basis." *Barnes v. Cupp*, 44 Or App 533, 538, 606 P2d 664, *rev den*, 289 Or 587 (1980), *cert den*, 449 US 1088 (1981) (citing ORS 135.395).