Submitted on remand from the Oregon Supreme Court May 22, 2020; convictions for second-degree robbery and third-degree theft reversed and remanded for entry of a judgment of conviction for second-degree robbery, remanded for resentencing, otherwise affirmed June 23, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM ANTHONY POSTLETHWAIT,
*Defendant-Appellant.*

Coos County Circuit Court
17CR72633; A167015

493 P3d 35

This case is before the Court of Appeals on remand from the Oregon Supreme Court. Defendant was found guilty of second-degree robbery, ORS 164.405 (Count 1); third-degree robbery, ORS 164.395 (Count 2); and third-degree theft, ORS 164.043 (Count 3). The trial court merged the guilty verdicts on the two robbery counts into a single conviction for second-degree robbery and separately entered a third-degree theft conviction. Defendant appealed, arguing that his guilty verdict for third-degree theft should merge into the guilty verdict for second-degree robbery. The Court of Appeals affirmed the convictions without a written opinion. *State v. Postlethwait*, 303 Or App 163, 459 P3d 964 (2020). The Oregon Supreme Court granted defendant's petition for review, vacated the Court of Appeals' prior decision, and remanded for reconsideration in light of *Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020). *State v. Postlethwait*, 366 Or 292, 460 P3d 1011 (2020). The state concedes that, given the court's holding in *Martinez*, the trial court plainly erred in entering separate convictions for defendant's second-degree robbery and third-degree theft charges. *Held*: The Court of Appeals agreed with the state and accepted its concession that the trial court plainly erred.

Convictions for second-degree robbery and third-degree theft reversed and remanded for entry of a judgment of conviction for second-degree robbery, remanded for resentencing, otherwise affirmed.

On remand from the Oregon Supreme Court, 366 Or 292, 460 P3d 1011 (2020).

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Convictions for second-degree robbery and third-degree theft reversed and remanded for entry of a judgment of conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

This case is before us on remand from the Oregon Supreme Court. Defendant was found guilty of second-degree robbery, ORS 164.405 (Count 1); third-degree robbery, ORS 164.395 (Count 2); and third-degree theft, ORS 164.043 (Count 3). The trial court merged the guilty verdicts on the two robbery counts into a single conviction for second-degree robbery and separately entered a third-degree theft conviction. Defendant appealed, arguing that his guilty verdict for third-degree theft should merge into the guilty verdict for second-degree robbery. We affirmed the convictions without a written opinion. *State v. Postlethwait*, 303 Or App 163, 459 P3d 964 (2020). The Oregon Supreme Court granted defendant's petition for review, vacated our prior decision, and remanded for reconsideration in light of *Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020). *State v. Postlethwait*, 366 Or 292, 460 P3d 1011 (2020). The state concedes that, given the court's holding in *Martinez*, the trial court plainly erred in entering separate convictions for defendant's second-degree robbery and third-degree theft charges. We agree and accept the state's concession; therefore, we reverse and remand those convictions for entry of a single conviction for second-degree robbery, remand for resentencing, and otherwise affirm.

We review the trial court's determination of whether to merge verdicts for errors of law. *State v. Oldham*, 301 Or App 82, 83, 455 P3d 975 (2019). We recite the facts underlying the ruling that merger was not required in the light most favorable to the state. *Id*.

Gensorek, the victim in this matter, owns a sporting goods shop that specializes in fishing, crabbing, and clamming gear. While Gensorek was preparing to close his shop for the day, he observed defendant pick up a crab ring from the shop's outdoor display and continue walking with it away from the shop. Gensorek ran out of the shop to confront defendant to get his property back, and the confrontation became aggressive. According to Gensorek, defendant threatened him and behaved as if he were going to swing the crab ring at Gensorek. At that point, Gensorek feared that defendant was going to harm him, so he kicked defendant in

the groin. Defendant fell to the ground and remained there long enough for Gensorek to take a photo and call the police. However, when the police arrived, defendant had already left the scene. The following day, police identified defendant using the photograph and ultimately apprehended him.

As a result of this incident, defendant was indicted and unanimously found guilty by jury of second-degree robbery (Count 1), third-degree robbery (Count 2), and third-degree theft (Count 3), and, as noted, the trial court merged the robbery verdicts into a single conviction for second-degree robbery but entered a separate conviction for third-degree theft. We originally rejected defendant's argument on appeal that, as a matter of plain error, those two convictions should also be merged.

The state now concedes that those convictions should be merged in light of *Martinez*, and we accept that concession. ORS 161.067(1) provides, "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Thus, the statute "authorizes separately punishable offenses when three conditions are met: (1) the defendant's actions qualify as the same conduct or criminal episode; (2) the defendant's actions violate more than one separate statutory provision; and (3) each separate statutory provision requires proof of an element that the other two provision(s) do not." *Martinez*, 366 Or at 145.

In *Martinez*, the state had indicted the postconviction petitioner for robbery and for attempted aggravated felony murder based on the same robbery. Both crimes were committed against the same victim and in the same criminal episode, and the Supreme Court emphasized that, regardless of whether the robbery was completed or attempted, "there is no element of the robbery count that would not have been proved in the felony murder count." *Id*. at 146. Thus, the court reasoned, all the elements of robbery were included within the attempted aggravated felony murder charge, and merger was appropriate. It concluded that ORS 161.067(1), "properly interpreted and applied,

would have required merger of petitioner's guilty verdicts on first-degree robbery and attempted aggravated felony murder." *Id*. at 150.

Likewise, here, the same theft formed the basis for both the second-degree robbery charge and the third-degree theft charge, and both attempted and completed theft is defined in the robbery statutes as a predicate for robbery. *See* ORS 164.405(1) (second-degree robbery requires proof of violation of ORS 164.395); ORS 164.395(1) (third-degree robbery requires proof that the perpetrator was acting "in the course of committing or attempting to commit theft"). As the state acknowledges, *Martinez* establishes that, when a defendant was convicted of a robbery offense and an ordinary theft offense, and the theft offense was the factual and legal predicate for the robbery, ORS 161.067(1) will not preclude merger.

As in the past, we exercise our discretion to review the trial court's error in failing to merge the two guilty verdicts, which the state appropriately concedes is plain. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009).

In supplemental briefing on remand, defendant argues for the first time that the trial court erred when it instructed the jury that it could return a nonunanimous verdict and that that error constitutes structural error, requiring reversal. We reject defendant's structural error arguments as foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and conclude that any error in giving the erroneous nonunanimous jury instruction was harmless beyond a reasonable doubt based on the unanimous verdicts, as explained in *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020).

Convictions for second-degree robbery and third-degree theft reversed and remanded for entry of a judgment of conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.