***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted November 21; reversed and remanded with instructions to merge the
guilty verdicts on Counts 1 and 3 into a single conviction for attempted second-
degree assault constituting domestic violence, remanded for resentencing,
otherwise affirmed December 29, 2022; petition for review denied March 30,
2023 (370 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RENE BRAVO,
*Defendant-Appellant.*

Marion County Circuit Court
20CR14013; A175901

Lindsay R. Partridge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for attempted second-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

Defendant was convicted of two counts of attempted second-degree assault constituting domestic violence, ORS 163.175(1)(b) (Counts 1 and 3); two counts of unlawful use of a weapon (UUW), ORS 166.220(1)(a) (Counts 2 and 4); attempted fourth-degree assault constituting domestic violence, ORS 163.160 (Count 5); and interfering with a police officer, ORS 162.247 (Count 6). All of the convictions arose from an incident in which defendant assaulted his wife, E, in their bedroom, including twice using a knife. The defense theory at trial was that defendant lacked the mental capacity to form the requisite criminal intent, due to his being under the influence of Ambien. Defendant raises five assignments of error on appeal. As explained below, we agree that the trial court erred in failing to merge the verdicts on Counts 1 and 3 and, accordingly, reverse and remand. We reject defendant's other assignments of error.

*First assignment of error.* With respect to the attempted second-degree assault convictions, defendant argues that the trial court plainly erred by failing to instruct the jury that it had to find that defendant knew that the knife was a dangerous weapon. *See State v. Fletcher*, 263 Or App 630, 633, 330 P3d 659 (2014) (explaining that, under ORS 163.175 (1)(b), "the state must prove that defendant intentionally or knowingly used a dangerous weapon," which includes proving intent or knowledge "with regard to the nature of the weapon employed"). "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain error." ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court made a "plain error," it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

The jury was instructed that, to find defendant guilty of attempted second degree-assault, it had to find that he "intentionally attempted to cause physical injury to

[E] by means of a dangerous weapon, to wit: a knife." The state argues that the instruction was not plainly erroneous, especially when one looks at the instructions as a whole. We need not decide whether the instruction was plainly erroneous because, regardless, we agree with the state that any error was harmless. We therefore would not exercise our discretion to correct it.

The jury found that defendant intentionally attempted to injure E by stabbing at her with a knife, which necessarily means that it rejected defendant's Ambien defense. Given the jury's determination that defendant had the mental capacity to intentionally attempt to injure E by stabbing at her with a knife, there is little likelihood that the same jury would have found him to lack the mental capacity to know that a knife is a dangerous weapon when used to stab at someone's head and body.[1] *See State v. Owen*, 369 Or 288, 324, 505 P3d 953 (2022) (concluding that, if correctly instructed, the jury would not have found that the defendant lacked the requisite mental state for a particular element of assault, given its findings as to the other elements of assault on which it was correctly instructed, such that the instructional error was harmless). We reject defendant's first assignment of error.

*Second assignment of error.* With respect to the UUW convictions, defendant argues that the trial court plainly erred by failing to instruct the jury that it had to find that defendant had a mental state of knowing, reckless, or criminally negligent with regard to the knife being a dangerous weapon.[2] We need not decide whether the instruction was plainly erroneous because, as with the first assignment of error, any error was harmless, such that we would not exercise our discretion to correct it. Given the jury's determination that defendant intended to use the knife unlawfully

---

[1] The jury was instructed that a dangerous weapon is "any weapon, device, instrument, material, or substance that, under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury."

[2] Defendant acknowledges that there is no existing precedent as to the required mental state for the "dangerous weapon" element of UUW. Given that open question, he argues that, at a minimum, the jury would have had to find criminal negligence. He takes a similar approach in his third assignment of error.

against E, there is little likelihood that the same jury would have found that he was not at least criminally negligent as to the knife being a dangerous weapon when used to stab at someone's head and body.

*Third assignment of error.* With respect to the attempted fourth-degree assault conviction, defendant argues that the trial court plainly erred by failing to instruct the jury that it had to find that defendant had a mental state of knowing, reckless, or criminally negligent as to the assault taking place in the immediate presence of or being witnessed by a minor child. Again, even if the instruction was plainly erroneous, we would decline to exercise our discretion to correct it. The jury found that defendant had the mental capacity to intentionally attempt to assault E, and it found that the assault took place in their minor child's immediate presence or was witnessed by their minor child. The same evidence that established the child's presence— including the 9-1-1 recording and E's recorded police interview and trial testimony—also established that the child was screaming and crying throughout the assault; that she yelled "daddy!" several times and twice told defendant to leave E alone; and that E repeatedly told the child to go to her room, downstairs, or to bed. There is little likelihood that the jury would have found that defendant was not at least criminally negligent as to the child's presence during the assault or witnessing of the assault.

*Fourth assignment of error.* Defendant argues that the trial court erred by failing to merge the verdicts on Counts 1 and 3. He argues there was not a "sufficient pause" in his attempted assault on E to afford him an opportunity to renounce his criminal intent. *See* ORS 161.067(3) (providing that repeated violations of the same statutory provision against the same victim in a single criminal episode are separately punishable only if separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent"). We review for legal error. *State v. Ortiz-Rico*, 303 Or App 78, 84, 462 P3d 741, *rev den*, 366 Or 827 (2020).

The state concedes that the court should have merged the verdicts on Counts 1 and 3, given the continuous

nature of the attempted assault. The concession is well taken. *See State v. Glazier*, 253 Or App 109, 118, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013) ("Defendant's conduct was continuous and uninterrupted; there was no evidence that he paused his aggression from the time he pulled the victim off the bed to the final charged act of kicking her in the torso."). We therefore reverse and remand with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for attempted second-degree assault constituting domestic violence.

*Fifth assignment of error.* Defendant argues that the trial court erred by failing to merge the verdicts on Counts 2 and 4. We agree with the state that defendant's two uses of the knife against E were separated by a sufficient pause to support two separate UUW convictions. The difference in outcome between the fourth and fifth assignments of error lies in the difference between attempted assault and UUW. Defendant engaged in a continuous and uninterrupted attempted assault of E—of which stabbing at her was only a part—and there was not a sufficient pause for him to renounce his criminal intent to assault her. By contrast, defendant unlawfully used a knife at two distinct points in time, and there was a sufficient pause to allow him to renounce his criminal intent to commit UUW. The UUW was not continuous. *See State v. West-Howell*, 282 Or App 393, 400-01, 385 P3d 1121 (2016), *rev den*, 361 Or 312 (2017) (concluding that, although there was no cessation in the defendant's overall criminal conduct, so as to create a sufficient pause to renounce all criminal intent, there was a sufficient pause between his two acts of sodomy to allow him an opportunity to renounce his intent to commit sodomy, such that the sodomy counts did not merge).

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 3 into a single conviction for attempted second-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed.