524 June 26, 2024 No. 450

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL WALLEN CHRISCO,
aka Michael Chrisco, aka Michael W. Chrisco,
aka Michael W. Chrisco,
*Defendant-Appellant.*

Jackson County Circuit Court
22CR31331; A179583

Kelly W. Ravassipour, Judge. (Judgments dated September 9, 2022 and June 15, 2023)

Lorenzo A. Mejia, Judge. (Supplemental Judgment dated December 2, 2022)

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

A jury convicted defendant of second-degree assault, ORS 163.175 (Count 1), strangulation constituting domestic violence, ORS 163.187(4) (Count 2), and unlawful use of a weapon (UUW), ORS 166.220 (Count 3).[1] On appeal, defendant raises two assignments of error. First, he argues that the trial court plainly erred when it failed to instruct the jury that it must find that defendant acted with criminal negligence with respect to the physical injury element of second-degree assault. Second, he argues that the trial court plainly erred when it failed to instruct the jury that it had to find that defendant acted with a culpable mental state as to whether the weapon constituted a dangerous weapon under the circumstances in which it was used. For the reasons explained below, we affirm.

Plain-error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In determining whether to exercise our discretion, factors we may consider include "the nature of the case," "the gravity of the error," and "the ends of justice in the particular case." *Id.*

Here, the state charged defendant with unlawfully and knowingly causing physical injury to the victim "by means of a dangerous weapon, to wit: a hatchet." At his trial, the state presented evidence that defendant hit the victim on the back of her head with the handle or "back end" of a hatchet. Defendant said something similar to, "You're lucky it wasn't the sharp end." The victim had a laceration on the back of her head that was bleeding and was about an

---

[1] ORS 163.175(1)(b) provides that a person commits the crime of assault in the second degree if the person "[i]ntentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon." ORS 166.220(1) (a) provides in part that a person commits the crime of UUW if the person "[a] ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon."

inch or an inch and a half long, but it did not require stitches or staples.

On appeal, defendant argues, and the state concedes, that the trial court plainly erred by failing to instruct the jury that, to find defendant guilty of second-degree assault, it had to find that (1) he acted with at least criminal negligence as to the physical-injury element of the crime, and (2) he knew that the handle or blunt end of a hatchet was a dangerous weapon. *See State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (addressing a charge of second-degree assault and determining that the trial court plainly erred in failing to instruct the jury that it had to find that the defendant was negligent as to the resulting injury); *see also State v. Higginbotham*, 300 Or App 395, 396-97, 450 P3d 1042 (2019) (reversing conviction for second-degree assault because the jury was not instructed that it had to find that the defendant knew that a wooden stick was a dangerous weapon).

We agree with the parties that the trial court's failure to provide culpable mental state instructions in relation to the injury element and the nature of the weapon used constituted plain error. However, considering the gravity of the errors and the ends of justice, we decline to exercise our discretion to correct the errors. Having reviewed the evidence and the instructions that the trial court provided to the jury, we conclude that it is highly unlikely that providing correct instructions to the jury on the culpable mental state for injury and whether the weapon constituted a dangerous weapon would have changed the outcome. More specifically, considering the evidence of defendant's conduct, including his statement along the lines of, "You're lucky it wasn't the sharp end," it is highly unlikely that the jury would not have found that defendant failed to be aware of a risk that his conduct could result in physical injury, nor is there any meaningful likelihood that the jury might not have found that defendant knew that the handle or the blunt portion of the hatchet constituted a dangerous weapon.

Affirmed.