628 April 9, 2025 No. 321

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY TSHAWN EYLER,
aka Gregory T. Eyler,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR57823; A181589

Katharine von Ter Stegge, Judge.

Submitted March 6, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 5 into a single conviction for first-degree robbery; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was found guilty by a jury of first-degree robbery, ORS 164.415 (Count 1); second-degree robbery, ORS 164.405 (Count 2); first-degree assault, ORS 163.185 (Count 3); second-degree assault, ORS 163.174 (Count 4); and unlawful use of a vehicle (UUV), ORS 164.135 (Count 5). The verdicts on Counts 3 and 4 merged, resulting in convictions on Counts 1, 2, 3, and 5. Defendant raises four assignments of error on appeal. As to Counts 1, 3, and 4, he contends that the trial court plainly erred[1] in failing to instruct the jury that, to find defendant guilty, it had to find that he acted with a culpable mental state with regard to the "dangerous weapon" element of each offense. As to Count 5, defendant contends that the trial court plainly erred in failing to merge the UUV verdict (Count 5) with the first-degree robbery verdict (Count 1). Defendant's merger claim is well-taken, but his other claims of error are not. Accordingly, we reverse and remand for merger and resentencing, and we otherwise affirm.

*Jury instructions for Counts 1 and 3.* Defendant was involved in the theft of M's vehicle. As defendant's associate drove the car away, M grabbed and held onto the steering wheel, and defendant repeatedly stabbed her in the arm and hand with a straight blade knife, severing the tendon in M's thumb and causing cuts to M's arm that required stitches. In Count 1, as relevant here, defendant was charged with first-degree robbery for having used a dangerous weapon in the course of committing UUV. In Count 3, as relevant here, defendant was charged with first-degree assault for having intentionally caused serious physical injury to M by means of a dangerous weapon.

As to those charges, the state concedes that the trial court erred in failing to instruct the jury on the required mental state for the "dangerous weapon" element. *See State*

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to consider a "plain" error, even if unpreserved. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If the trial court plainly erred, it is a matter of discretion whether we will correct it. *Id.*

*v. Owen*, 369 Or 288, 296, 505 P3d 953 (2022) (recognizing the state's obligation to "prove that the defendant 'acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state'" (quoting ORS 161.995(2)); *State v. Higginbotham*, 300 Or App 395, 396-97, 450 P3d 1042 (2019) (holding that, for a guilty verdict on second-degree assault, the jury had to find that the defendant knew that he was using a "dangerous weapon"). It argues, however, that the error was harmless or, at least, that it does not merit our exercising our discretion to correct it. We agree.

On this record, had the jury been property instructed, it is virtually certain that it would have found that defendant knew that his knife was a dangerous weapon used as it was. *See* ORS 161.015(1) (defining a "dangerous weapon" to include "any weapon \*\*\* which under the circumstances in which it is used \*\*\* is readily capable of causing death or serious physical injury"). That is particularly so given the jury's finding for the first-degree assault charge that defendant *intentionally* caused serious physical injury to M with the knife. *See, e.g.*, *State v. Sell*, 328 Or App 82, 97, 536 P3d 1019 (2023), *rev den*, 372 Or 63 (2024) (considering the jury's other findings in deciding that the failure to instruct on the mental state requirement for resisting arrest was harmless). The likelihood that the jury would have reached a different verdict on Counts 1 and 3 if instructed on the culpable mental state is so low that either the error was harmless or we would not exercise our discretion to correct it when no objection was made. *See State v. Horton*, 327 Or App 256, 262, 265, 535 P3d 338 (2023) (on plain-error review, if an error meets the legal standard for harmlessness, then we cannot reverse on that basis, but even if does not, "our assessment of where it falls on the spectrum of 'likelihood' of having affected the verdict can be an important consideration to the exercise of discretion").

*Jury instructions for Count 4.* In Count 4, as relevant here, defendant was charged with second-degree assault for having "unlawfully and intentionally and knowingly cause[d] physical injury to [M] by means of a dangerous weapon." Despite the similarity of that allegation to the

parallel allegation for Count 3, the state argues that the jury instructions on Count 4 were not plainly erroneous in the way that the jury instructions on Count 3 were, due to an ambiguity contained therein as to whether the jury needed to find that defendant knew that his knife was a dangerous weapon. We need not resolve that issue because, even assuming that defendant is correct that there was a plain error in the instructions on Count 4, the error is harmless, or we would not exercise our discretion to correct it, for the same reasons as discussed regarding Counts 1 and 3.

*Merger as to Count 5.* Finally, defendant argues, and the state concedes, that the trial court plainly erred in failing to merge the UUV and first-degree robbery verdicts. "We review the sentencing court's determination of whether to merge verdicts for errors of law." *State v. Ham*, 300 Or App 304, 306, 453 P3d 927 (2019).

We agree that the trial court erred with respect to merger. The anti-merger rule is set forth in ORS 161.067. Because UUV was the predicate offense for the first-degree robbery charge, the verdicts should have merged. *State v. Taylor*, 323 Or App 422, 429, 523 P3d 696 (2022) (holding that it was plain error not to merge the guilty verdicts for UUV and second-degree robbery, where the UUV was the predicate offense for the robbery); *see also State v. Postlethwait*, 312 Or App 467, 471, 493 P3d 35 (2021) (holding that guilty verdicts for theft and robbery had to merge, where "the theft offense was the factual and legal predicate for the robbery"). We also agree with the parties that it is appropriate to exercise our discretion to correct the error, as we typically do with respect to this type of merger error.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 and 5 into a single conviction for first-degree robbery; remanded for resentencing; otherwise affirmed.