384 May 7, 2025 No. 409

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN JOSEPH RHODEN,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR56664, 22CR44267, 22CN05863;
A182746 (Control), A182747, A182748

Steve H. Hoddle, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Convictions on Counts 1, 2, and 4 reversed and remanded for entry of a judgment of conviction for one count of first-degree assault; otherwise affirmed.

**KAMINS, J.**

After a jury trial, defendant was convicted of first-degree assault, ORS 163.185 (Count 1), unlawful use of a weapon, ORS 166.220 (Count 2) (UUW), failure to perform duties of driver to injured person, ORS 811.705(3)(a) (Count 3) (hit and run), recklessly endangering another person, ORS 163.195 (Count 4), and reckless driving, ORS 811.140 (Count 5). Those charges all arose from a single incident in which defendant ran over D's leg with his pick-up truck. Defendant raises several unpreserved assignments of error, including that the trial court plainly erred (1) in failing to merge his verdicts for Count 1 (first-degree assault) and Count 2 (UUW), (2) in failing to merge his verdicts for Count 1 and Count 4 (reckless endangerment), and (3) by not including a culpable mental state in the jury instructions for the "dangerous weapon" element of first-degree assault. We agree with defendant only that the failure to merge was error and exercise our discretion to correct it. Accordingly, we reverse defendant's convictions on those counts and remand for entry of a single first-degree assault conviction and otherwise affirm.[1]

We recite the facts in the light most favorable to the state. *State v. Postlethwait*, 312 Or App 467, 469, 493 P3d 35 (2021). Defendant drove past the victim, D, who was inside D's parked car. Defendant was driving a large pick-up truck. D got out of his car and defendant turned his truck around and swerved at D. D then threw a flashlight at defendant's car and the two of them started yelling at each other. The fight continued down the block and around the corner, with D following defendant and defendant getting in and out of his truck. Defendant then did a three-or-more-point-turn in the street and drove towards D, making eye contact. Defendant's truck went back and forward several times, following D, and defendant ran over D's leg, breaking it in three places. Defendant looked at D, then drove away and

---

[1] In his fourth and fifth assignments of error defendant challenged the sentence imposed. According to defendant, the trial court plainly erred by listing the crime classification for hit and run as "Category 8" for the first time on the judgment, and by failing to apply a "shift-to-I" rule for the consecutive sentence. *See* OAR 213-012-0020 (explaining circumstances under which sentencing judge may impose consecutive sentences). On remand, the trial court may consider these arguments in the first instance.

left the scene. For that conduct, defendant was convicted of multiple crimes.

 *Second and Third Assignments of Error.* Defendant contends that the trial court plainly erred in failing to merge his verdicts for Count 1 (first-degree assault) and Count 2 (UUW), as well as Count 1 and Count 4 (reckless endangerment). The state concedes the error—a concession that is well taken.

 "[C]onvictions for conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision." *State v. Noe*, 242 Or App 530, 532, 256 P3d 166 (2011). As charged in Count 1, first-degree assault has the following element: (1) intentionally; (2) causing serious physical injury; (3) to another; (4) by means of a dangerous weapon. ORS 163.185. As charged in Count 2, UUW requires proof that defendant "did unlawfully attempt to use against [D] *** a dangerous weapon." When the state charges UUW in that manner, the verdicts on first-degree assault and UUW merge because first-degree assault subsumes the elements of UUW. *State v. Bond*, 283 Or App 101, 109, 388 P3d 391 (2016), *rev den*, 361 Or 350 (2017).

 With regard to Count 4 (reckless endangerment), that count requires proof that defendant "recklessly engage[d] in conduct which create[d] a substantial risk of serious physical injury" to D. ORS 163.195. Those elements are also fully subsumed in first-degree assault: the reckless mental state for reckless endangerment is established by proving the intentional mental state of first-degree assault. ORS 161.115(3) ("When recklessness suffices to establish a culpable mental state, it is also established if a person acts intentionally or knowingly."). And "create[d] a substantial risk of serious physical injury" is included within "causing serious physical injury." As we have done in similar cases, we exercise our discretion to correct the errors. *See Bond*, 283 Or App at 109 (finding the failure to merge guilty verdicts for first-degree assault and UUW constituted plain error and reversing); *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009) (trial court erred in failing to merge guilty verdicts for UUW and assault in the second degree).

*First Assignment of Error.* Defendant also contends that the trial court plainly erred by not including a culpable mental state in the jury instructions for the "dangerous weapon" element of first-degree assault. The parties both requested identical jury instructions on first-degree assault that matched the uniform criminal jury instruction, UCrJI 1401, that the trial court ultimately gave. That instruction required that the state prove that defendant "intentionally caused serious physical injury to [D] by means of a dangerous weapon."

Assuming without deciding that such an instruction was plainly erroneous, we decline to exercise our discretion to correct it. *See State v. Wiltse*, 373 Or 1, 11, 559 P3d 380 (2024) (listing nonexclusive factors we consider when determining whether to exercise discretion to reverse a plain error). In particular, we note that the error was not "grave" and the "ends of justice" were served in this case because any error was unlikely to have affected the jury's verdict. *See State v. Horton*, 327 Or App 256, 264-65, 535 P3d 338 (2023) ("The likelihood that the error affected the outcome goes to its 'gravity' and to 'the ends of justice.'"). Had the trial court instructed the jury that the "dangerous weapon" element carried a mental state, there is little likelihood it would have affected the outcome. The jury convicted defendant on all counts, meaning that it believed defendant intended to run over D's leg with his truck. Defendant thus acted with the requisite awareness that his large pick-up truck, used in the manner in which defendant was using it, was "capable of causing death or serious physical injury." ORS 161.015(1). Or, put differently, there is little likelihood that the jury, had it been instructed on the mental state for "dangerous weapon," would have not been persuaded that defendant had the requisite mental state.

Convictions on Counts 1, 2, and 4 reversed and remanded for entry of a judgment of conviction for one count of first-degree assault; otherwise affirmed.